Humble Oil & Refining Company, *a Delaware corporation*

*v.*

Walter Lane and Oran Baker d/b/a Hilltop Auto and Wrecking Company, and Walter Lane, *individually*

(No. 12716)

Submitted September 18, 1968.    Decided January 21, 1969.

*Steptoe & Johnson, Edward W. Eardley, Carl F. Stucky, Jr.,* for appellants.

*Stone, Bowles, Kauffelt & McDavid, T. D. Kauffelt, F. T. Graff, Jr.,* for appellee.

CAPLAN, JUDGE:

This is an appeal from a judgment entered in a civil action instituted on September 12, 1966, in the Circuit Court of Jackson County. The action resulted from a collision between the plaintiff's tractor-trailer and the defendants' two-ton flat-bed truck.

According to the testimony appearing in the record, the collision occurred on U. S. 21 in Jackson County, West Virginia on April 29, 1964, at approximately 6:45 A.M. The plaintiff's vehicle, driven by Glenville Taylor, was travelling in a northerly direction and the defendants' truck, operated by defendant Walter Lane, was travelling south on said Route 21. Mr. Taylor testified that as the defendants' vehicle approached it appeared that it was attempting to pass the car in front of it and that it came over into the northbound lane and collided with the plaintiff's tractor-trailer. Mr. Taylor further said that he turned to his right in an attempt to avoid the collision but was unable to do so.

Defendant Lane testified that as he was travelling south on Route 21 he noticed a 1957 Mercury sedan travelling in the same direction approximately two hundred feet in front of him. He stated that the Mercury began to slow down and he applied his brakes to a point where he was travelling about thirty-five miles on hour. He then alleged that the Mercury, without any signal, rapidly reduced its speed and that he was forced to apply his brakes. By reason thereof, he said, and because the road was damp and had a thin layer of mud on it, he skidded into the plaintiff's lane of travel and collided with the plaintiff's vehicle.

In its complaint the plaintiff alleged that Lane, while acting in the regular course of business as an owner and agent of the defendants, Walter Lane and Oran Baker d/b/a Hilltop Auto and Wrecking Company, drove his truck into the plaintiff's vehicle causing damage to said vehicle in the sum of $6,750.19. It is further alleged by the plaintiff that the defendants referred this claim to Motorists Mutual Insurance Company, their insurer, and that the insurance company "through a series of letters and representations, induced plaintiff to believe that the claim would be settled, and plaintiff relying upon said representations did not institute suit within the two year period after the date of the accident."

The defendants answered, denying negligence and contending that the plaintiff could not recover for the reason that its claim was barred by the statute of limitations. Subsequently, the defendants filed a motion for summary judgment. Attached to this motion was the affidavit of Garry L. Wharton, an attorney for their insurer, which purported to place before the court all of the correspondence between the insurance company and the plaintiff, relative to the accident. The defendants thereby contended that there was no genuine issue as to any material fact and that inasmuch as the statute of limitations had run the claim was barred.

A counter affidavit was filed on behalf of Humble Oil & Refining Company, the plaintiff, which, in essence, embodies the plaintiff's position on this appeal. In that affidavit,

made by L. J. Stanley, Credit Supervisor for Humble, it was alleged that Humble, relying on statements contained in correspondence from the insurance company that its claim would be settled after the personal injury claim was disposed of, did not authorize suit to be instituted or did not take any action to collect its claim. Further, Mr. Stanley said that in all of the correspondence the insurance company did not indicate that it intended to contest the claim and that it was his understanding and belief from said correspondence that the insurance company would pay the claim after the disposition of the personal injury claim. He further said he acted in complete reliance on said correspondence.

The trial court upon hearing arguments denied the defendants' motion for summary judgment, stating as the reason therefor that "the repeated requests by the Motorists Insurance Company to diary the file ahead and the compliance therewith by Humble Oil & Refining Company is sufficient to constitute an estoppel by the defendants from pleading the statute. of limitations."

Upon the trial of this matter, at the conclusion of the plaintiff's evidence and after all of the evidence was introduced, the defendants made a motion for a directed verdict. Upon the denial of said motion and upon submission of the case to the jury, a verdict was returned in favor of the plaintiff in the amount of $6,000.00. It is from this verdict and the judgment entered thereon that this appeal is prosecuted.

While the defendants assign multiple errors to the judgment of the circuit court, it is clearly apparent that they rely principally on their contention that the court erred in overruling their defense of the statute of limitations. It is undisputed that the plaintiff failed to commence its action within the two-year period prescribed by the statute of limitations, the accident having occurred on April 29, 1964 and the action having been instituted on September 12, 1966. Therefore, unless the defendants are estopped from pleading said statute as a defense, the action is barred.

Basically, the plaintiff contends that in reliance upon certain statements contained in a series of letters, which statements are alleged to constitute representations by Motorists Mutual Insurance Company, the plaintiff refrained from instituting an action against the defendants within two years after the accident. It is asserted by the plaintiff that the insurance company thereby represented that it would pay or settle the claim as soon as it disposed of Mr. Taylor's personal injury claim, and that it would not plead the statute of limitations as a defense.

The defendants take the position that their insurer made no such representations in the letters written to the plaintiff and that in the absence thereof they cannot be estopped from pleading the statute of limitations.

As contended by the plaintiff and as illustrated by the many cases cited, it is well established that the equitable doctrine of estoppel may, in a proper case, be applied to prevent a fraudulent or inequitable resort to the statute of limitations. A debtor may by his representations, promises or conduct be estopped to assert the defense of the statute where the elements of estoppel are present. Where a debtor makes representations to his creditor by which the latter is misled and in reliance thereon the creditor fails to commence his action within the statutory period, the debtor may be estopped from pleading the statute of limitations as a defense. An estoppel may be created even though there was no actual fraud in the technical sense, bad faith or intent to deceive. The essential element is inducement. The creditor must be induced by the debtor to refrain from instituting his action within the statutory period. See Annotation, Estoppel to rely on statute of limitations, 130 A.L.R. 8; 34 Am. Jur., Limitation of Actions, Section 411 et seq., and 53 C.J.S., Limitations of Actions, Section 25.

Statutes of limitations are statutes of repose. Their object is to compel the exercise of a right of action within a reasonable time. *Street* v. *Consumers Mining Corporation,* 185 Va. 561, 39 S. E. 2d 271; *Burnett* v. *New York Central R. Co.,* 380 U. S. 424, 13 L. ed. 2d 941, 85 S. Ct. 1050; *Walter*

v. *August*, 186 Cal. App. 2d 395, 8 Cal. Rptr. 778, 83 A.L.R. 2d 941; *Burns* v. *Burns*, 233 Iowa 1092, 11 N. W. 2d 461, 150 A.L.R. 306; *Summers* v. *Connolly*, 159 Ohio St. 396, 112 N. E. 2d 391, 39 A.L.R. 2d 661.

At one time the attitude of courts was hostile toward the enforcement of statutes of limitations. However, legislative policy in enacting such statutes is now recognized as controlling and courts, fully acknowledging their effect, look with favor upon such statutes as a defense. This is well stated in 34 Am. Jur., Limitation of Actions, Section 14, as follows: "Statutes of limitations are now considered as wise and beneficent in their purpose and tendency; they are looked upon as statutes of repose, and are held to be rules of property vital to the welfare of society. * * * While the courts will not strain either the facts or the law in aid of a statute of limitations, nevertheless it is established that such enactment will receive a liberal construction in furtherance of their manifest object, are entitled to the same respect as other statutes, and ought not to be explained away." See *Schulte* v. *Westborough, Inc.*, 163 Kan. 111, 180 P. 2d 278, 172 A.L.R. 259; *Hunter* v. *Hunter*, 361 Mo. 799, 237 S. W. 2d 100, 24 A.L.R. 2d 611; and, *Woodruff* v. *Shores*, 354 Mo. 742, 190 S. W. 2d 994, 166 A.L.R. 957.

It is evident from the foregoing authorities that statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. It has been widely held that such exceptions "are strictly construed and are not enlarged by the courts upon considerations of apparent hardship." *Woodruff* v. *Shores*, 354 Mo. 742, 190 S. W. 2d 994, 166 A.L.R. 957.

In the instant case the plaintiff contends that its claim should be excepted from the operation of the statute of limitations by reason of the representations made by defendants' insurance company, as more fully related above. Since the plaintiff, in support of its contention, relies solely upon the lengthy correspondence between it and Motorists Mutual Insurance Company, such correspondence must be

examined. The record reveals that between May 7, 1964 and August 16, 1966, Motorists Mutual wrote and mailed eight letters to Humble. Most of these letters were in reply to correspondence from Humble and all of them, of course, related to the plaintiff's alleged claim. It is essential, therefore, that this correspondence be carefully considered in order to determine if Motorists Mutual, either by statement or conduct, induced the plaintiff to pursue the course of abstaining from instituting an action within the statutory period.

By letter dated May 18, 1964, Motorists Mutual informed Humble that it was investigating the accident and that as soon as its investigation was complete it would advise Humble in regard to its claim. On September 24, 1964, the insurance company advised the plaintiff that the personal injury claim of Mr. Taylor was pending and that as soon as that claim was disposed of "we will get in touch with you regarding your property damage claim." It requested Humble to diary its file ahead another ninety days and thanked it for its cooperation and patience. Upon further requests by Humble for payment of its claim, letters similar to that of September 24, 1964 were forwarded by Motorists Mutual.

Upon careful consideration of the correspondence upon which the plaintiff relies we fail to find any statements or conduct by or on the part of Motorists Mutual which would warrant the application of the doctrine of estoppel. First, there must have been a representation by the insurance company which induced the plaintiff to pursue the course it did. In our opinion, nothing that the insurance company said or did constituted a representation which could reasonably have been relied upon by the plaintiff as a basis for believing that it would not have to bring suit in this matter. Motorists Mutual did not admit liability; it did not promise to pay any amount or to settle the claim; it did not say that it would not plead the statute of limitations; it did not say that it would pay or settle when the personal injury claim was disposed of; nor did it request the plaintiff to refrain from suing. In this regard, the most that can be said of the correspondence is that Motorists Mutual said

they would consider the plaintiff's claim upon the disposition of Mr. Taylor's personal injury claim. They further asked for delays in considering the plaintiff's case and thanked it for its cooperation.

Secondly, there must have been reliance by the plaintiff upon representations of the insurance company before the doctrine of equitable estoppel will be applicable. Reliance by the plaintiff does not, in itself, give rise to an estoppel. The words or conduct must be such that a reasonable man, relying thereon, would believe that his debtor would not invoke the statute of limitations as a defense to his claim. As noted above, the insurance company made no promise to pay or settle the claim, nor did it promise not to rely on the statute of limitations. Nothing it did or said constituted such representations. In the absence of representations and reliance thereon, there can be no inducement, which is an essential element of estoppel.

In the circumstances of this case, as revealed by the subject correspondence, Motorists Mutual did nothing more than ask Humble to wait until the personal injury claim was disposed of so that it could consider the property damage claim. Considering this action in the light most favorable to Humble, it is nothing more than a request for delay.

The texts are replete with authorities which lay down a general rule that "a mere request by a debtor for delay or forbearance, in the absence of any promise or agreement not to plead the statute of limitations, does not estop him to assert the statute." 130 A.L.R., Annotation, Estoppel to rely on statute of limitations, 130 A.L.R. page 29. See *Fremon* v. *W. A. Sheaffer Pen Co.*, 209 F. 2d 627; *Glennan* v. *Lincoln Inv. Corp.*, 110 F. 2d 130; *Wilson* v. *Black*, 49 N. M. 309, 163 P. 2d 267; *Town of Franklin* v. *Franks*, 205 N. C. 96, 170 S. E. 113; *United States Cas. Co.* v. *Industrial Accident Commission*, 122 C. A. 2d 427, 265 P. 2d 35; and 53 C.J.S., Limitations of Actions, Section 25. There must be an affirmative inducement to the plaintiff to delay bringing the action. As stated in *Martin* v. *City of Spokane*, 55 Wash. 2d 52, 345 P. 2d 1113, "There can be no estoppel unless re-

spondents have done some affirmative act upon which the appellant has relied to his detriment."

In the instant case we fail to perceive that any written statement or conduct of Motorists Mutual amounted to an affirmative act which induced Humble to refrain from bringing its action. There was no affirmative promise of any nature. While it may appear unfair for Motorists Mutual to have requested further delay one month before the end of the statutory period, such request, as demonstrated above is insufficient to form a basis for estoppel. If a debtor were so readily estopped from pleading the statute of limitations, such statute would be rendered meaningless. We are fully cognizant of the plaintiff's contention that the correspondence, as a whole, shows a design on the part of Motorists Mutual to lull the plaintiff into a false sense of security, whereby it was induced to refrain from suing within the statutory period. However, we do not agree that the actions of the parties involved in this case lend any validity to such contention.

We have examined the decisions cited by the plaintiff and are largely in agreement with the principles of law stated therein. However, the facts upon which those decisions were formulated are different from those in the instant case. In the majority of those cases, situations were presented where equity clearly called for the application of the doctrine of estoppel. It has been universally held that the doctrine of estoppel should be applied cautiously and only when equity clearly requires it to be done. 28 Am. Jur. 2d, Estoppel and Waiver, Section 28. Considering the parties involved and the circumstances of this case, we cannot agree that there is here presented a situation where the doctrine of estoppel should be applied.

For the reasons stated in this opinion the judgment of the Circuit Court of Jackson County is reversed and the case is remanded with directions that judgment be entered for the defendants.

*Reversed and remanded*
*with directions.*