375 S.E.2d 778

**Carolyn S. CUNNINGHAM and Phares L. Cunningham, etc., Plaintiffs Below, Appellants,**

**v.**

**Catherine Mae RILEY and State Farm Mutual Automobile Insurance Company, etc., Defendants Below, Appellees.**

**No. 18372.**

Supreme Court of Appeals of West Virginia.

Nov. 23, 1988.

J. Burotn Hunter, III, Buckhannon, for Cunningham.

---

James M. Wilson, Richard M. Yurko, Jr., Steptoe & Johnson, Clarksburg, for Riley & St. Farm Mut. Auto. Ins. Co.

PER CURIAM:

This is an appeal by Carolyn S. Cunningham and Phares L. Cunningham from a summary judgment order entered by the Circuit Court of Upshur County on January 28, 1988. In that order the circuit court ruled that the appellants had failed to file the complaint instituting this personal injury action within two years after the date of the accident giving rise to the action and that the action was, therefore, barred by the West Virginia statute of limitations.

On appeal the appellants claim that the record indicates that the appellee, State Farm Mutual Automobile Insurance Company, was guilty of inequitable conduct which induced them to refrain from filing their complaint within the time period specified by the statute of limitations and that State Farm should be deemed estopped from asserting the limitations defense. After reviewing the record this Court believes that State Farm made representations which reasonably could have induced the appellants to believe that the case would be settled and which suggest that State Farm might be estopped. Under the circumstances the Court believes that full development of the record is desirable to clarify the application of the law and that the trial court erred in entering summary judgment.

The record shows that on September 1, 1985, the appellants' automobile collided with an automobile driven by Mrs. Catherine Mae Riley, a party insured by State Farm. The officer who investigated the collision cited Mrs. Riley for failure to yield the right of way. The appellant, Carolyn S. Cunningham, sustained serious personal injuries in the accident.

Following the accident the appellants, who were residents of the State of Ohio, retained Thomas A. Sharratt, an attorney in Ohio, to represent them on their claims against Mrs. Riley and State Farm, Mrs. Riley's insurer. Mr. Sharratt, according to the appellants, contacted State Farm concerning the claim, and the appellants were paid certain sums for Mrs. Cunningham's lost wages and for damage to their vehicle. After doing some initial work on the claim, Mr. Sharratt contacted a West Virginia attorney, J. Burton Hunter, III, about acting as co-counsel in the case. Mr. Hunter agreed to act as co-counsel on December 5, 1986.

According to the appellants, after they had retained attorneys in the case, State Farm acted in such a way as to lead them, or their attorneys, to believe that State Farm would settle the case. For this reason no complaint instituting an action was filed until more than two years after the accident giving rise to the claim.

The record indicates that the complaint instituting the action was filed on November 5, 1987, more than two years after the accident which occurred on September 1, 1985. Following the filing of the complaint State Farm asserted that the action was barred by West Virginia's statute of limitations, *W. Va. Code*, 55–2–12. State Farm then moved for summary judgment on the statute of limitations question.

In opposition to the motion for summary judgment the appellants filed a response and a memorandum of law in which they took the position that State Farm was estopped from raising the statute of limitations as a defense. In their memorandum and response the appellants indicated that State Farm had made assurances that the appellants' claim would be paid once proof of special damages was received, that State Farm had virtually admitted liability, that the insurance company had made requests for delay, that there had been mutual agreement that final negotiation of a settlement would occur after certain doctors' reports were obtained, that State Farm had been silent when it became apparent that final proof could not be submitted until after the statute had run, that State Farm's adjuster had agreed that the statute would not be a problem in the case, and that the procedures which State Farm and the appellants' attorney had agreed to had the effect of extending the period of the statute of limitations.

After the parties had submitted their memoranda, the trial court took the memoranda, as well as the documents filed in the case, under consideration and concluded that, in failing to file the complaint in the case prior to the expiration of the applicable statute of limitations, the appellants' counsel did not rely upon any representations, expressed or implied, or any conduct or actions by the appellees. The court found that the appellees had not induced the appellants to believe that they would not assert the statute of limitations and that there was no basis in fact for the appellants' claim that the appellees were estopped from asserting the statute. The court, therefore, concluded that there was no genuine issue as to any material fact in the case relating to the statute of limitations as a defense and that by reason by the expiration of the limitations period prior to the institution of the action, the appellees were entitled to judgment as a matter of law. The court, therefore granted the appellees motion for summary judgment. It is from that ruling that the appellants now appeal.

The fundamental rule relating to summary judgment in West Virginia is set forth in syllabus point 3 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), as follows:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

The real issue in this case is whether the appellants raised sufficient facts suggesting that the appellees were estopped to assert the statute of limitations so as to preclude entry of summary judgment.

It is well established that a party may, in a proper case, be equitably estopped from asserting the statute of limitations. As explained in *Humble Oil & Refining Co. v. Lane*, 152 W.Va. 578, 165 S.E.2d 379 (1969), in determining whether the facts of a case support application of the doctrine of estoppel, a court should

look for two factors. First, the court should determine whether the party claiming the benefit of the statute has by a representation induced the plaintiff to pursue the course which it pursued, and secondly, the court should determine whether the plaintiff relied upon the representation of the party seeking to assert the statute of limitations in failing to file its suit in a timely manner.

In the case presently before the Court, State Farm, in arguing its motion before the trial court, rather succinctly set forth its position. State Farm said:

> In the present case, just as in *Humble Oil,* the insurer *State Farm* did not admit liability; *did not say that it would settle the claim;* did not promise to pay any amount to plaintiffs; did not ask the plaintiffs to refrain from suing; and did not say that it would not plead the statute of limitations. Thus, State Farm has made no representations upon which the plaintiffs could justifiably rely that the statute of limitations defense would not be asserted on behalf of the insured defendant. [Emphasis supplied.]

A close examination of the documents submitted by the appellants does not support State Farm's assertion. In one of those documents, a letter dated December 23, 1985, written by Thomas A. Meyrose, Senior Claim Representative of State Farm, to the claimants' attorney, State Farm said:

> When you are in a position to submit your "specials" on this case, please do so and *we will settle with you as soon as possible.* [Emphasis supplied.]

In a later letter dated October 14, 1986, Mr. Meyrose suggested that the appellants' attorney's demand for reimbursement of doctor bills would be considered when the report from the doctor was received.

In the affidavit submitted by the appellants' attorney in opposition to the motion for summary judgment, the appellants' attorney suggests that a number of other contacts with State Farm representatives tended to reinforce the view that State Farm would reach a settlement as soon as adequate documentation was presented.

The appellants' attorney, for instance, avers that he had a telephone conversation with a Mr. Jezioro, a representative for State Farm, and that he raised as a potential problem the fact that the statute of limitations period was expiring. According to his representations, the parties agreed that "the Statute should not be a problem."

In view of the fact that a State Farm representative specifically stated on December 23, 1985, that "we will settle with you as soon as possible", and in view of the other representations, this Court believes that the record strongly suggests that State Farm was involved in conduct of a type sufficient to suggest estoppel under the guidelines set forth in *Humble Oil & Refining Co. v. Lane, supra.* Under the circumstances this Court believes that, at very least, additional inquiry into the facts is desirable for application of the law and that summary judgment was improper under the rule set forth in *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York, supra.*

The judgment of the Circuit Court of Upshur County is, therefore, reversed and this case is remanded for further development.

Reversed and remanded.