465 S.E.2d 180

**Robert L. BRADLEY and Nedra S. Bradley, Petitioners Below, Appellees,**

**v.**

**Frederick WILLIAMS, Tax Commissioner of the State of West Virginia, Respondent Below, Appellant.**

No. 22766.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1995.

Decided Oct. 13, 1995.

James E. Nelson, Nelson, Hager, Pancake & Heilman, Huntington, for Appellees.

Stephen B. Stockton, Assistant Attorney General, Charleston, for Appellant.

WORKMAN, Justice:

This case is before the Court based upon the appeal of Frederick Williams, Tax Commissioner of the State of West Virginia (hereinafter sometimes referred to as the "Commissioner"), from the May 17, 1994, final order of the Circuit Court of Cabell County, which reversed the Commissioner's September 23, 1991, administrative decision and ordered that tax refunds be paid to the Appellees, Robert L. Bradley and Nedra S. Bradley,[1] for the years 1978 to 1984. The Appellant maintains that the circuit court erred in determining that the statute of limitations for filing a request for refund was tolled by the taxpayers' filing of their 1978 tax return. We agree with the Appellant's argument and therefore we reverse the circuit court's decision and reinstate the Commissioner's September 23, 1991, administrative decision.

1. The parties were divorced after the 1980 tax year. Accordingly, Nedra S. Bradley joined in this action for a refund for taxes paid in the years 1978 through 1980 only.

## I.

In order to fully understand the issue presented, it is important to note that during the 1978 to 1984 period, retirement benefits received from most West Virginia state retirement systems and the military were completely excluded from state income taxation in West Virginia.[2] During that same period, however, no similar exclusion was provided for retirement benefits received from the federal civil service retirement system.[3]

In 1989, the United States Supreme Court held in *Davis v. Michigan Department of the Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), that a state may not tax retirement benefits received from the federal civil service system differently from retirement benefits received from state retirement systems. *Id.* at 817, 109 S.Ct. at 1508–09. The *Davis* court left unaddressed the issue of whether the decision was to be applied retroactively. While the Commissioner decided to apply the *Davis* case retroactively in 1991,[4] the Supreme Court did not decide that *Davis* was retroactive until its decision in *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

**2.** *See* W.Va.Code § 11–21–12(c)(5) (1983).

**3.** *See id.* However, according to the Commissioner's September 23, 1991, administrative decision:

> The Legislature amended [West Virginia Code § 11–21–12] subsection (c)(5) effective for the 1987 income tax year limiting previously exempt state retirees to a $2,000.00 exclusion from tax. Thus, the full income exclusion was no longer available. While state retirees had a limited 1987 exemption, federal civil service retirees still had none. That changed the next year when federal civil service retirees were also accorded the $2,000.00 exclusion from income tax on retirement benefits.

*See* W.Va.Code § 11–21–12(c)(5) (1988).

**4.** The decision to apply *Davis* retroactively was based upon the decision of the United States Supreme Court in *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). In *James B. Beam*, the Supreme Court ruled that its prior 1984 decision in *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), finding unconstitutional an Hawaii law which imposed an excise tax on imported liquor at a higher rate than that imposed on liquor manufactured from Hawaii-grown products, had retroactive applica-

## II.

The Appellee, Mr. Bradley, having retired from his position as a surgeon for the Veteran's Administration, received federal retirement benefits from the United States civil service system during the years 1978 through 1984. In 1978, the Appellees excluded said benefits from their taxable income. By letter dated May 15, 1979, the Commissioner informed the Appellees that federal civil service retirement income was not deductible from state income taxation until the taxpayer reached the age of sixty-five.[5] The Appellees did not appeal or challenge the Commissioner's determination.[6]

In 1985 when Mr. Bradley reached the age of sixty-five, he again attempted to exclude the *entire* amount[7] of his federal civil service retirement income from state income taxation, but the Commissioner disallowed the exclusion. Then, following the Supreme Court's decision in *Davis*, on October 26, 1990, Mr. Bradley filed a petition for refund of the taxes paid for the periods 1978 through 1984,[8] as well as amended tax returns for the years 1985, 1986, and 1987. By letter dated October 5, 1990, the Acting Commissioner denied the petition for refund for the years 1978 through 1984, applying the

tion to the *James B. Beam* case which concerned a similar statute in the State of Georgia. *See James B. Beam*, 501 U.S. at 544, 111 S.Ct. at 2448.

**5.** During the years at issue, West Virginia Code § 11–21–12(c)(7) (1983) provided that taxpayers over the age of 65 could exclude from their taxable income up to $8000 received from any source, including the federal civil service retirement system.

**6.** West Virginia Code § 11–10–14(d) (1995) provides: "If the taxpayer is not satisfied with the tax commissioner's determination of his claim for refund or credit ... the taxpayer may file with the tax commissioner, either personally or by certified mail, a petition for refund or credit: Provided, That no petition for refund or credit may be filed more than sixty days after the taxpayer is served with notice of denial of his claim."

**7.** The Legislature limited the excludable amount to $8000. *See supra* note 5.

**8.** Mr. Bradley failed to file any amended tax returns for the 1978–1984 period within the statute of limitations set forth in West Virginia Code § 11–10–14(*l*) (1995).

applicable statute of limitations.[9] The Commissioner's decision was upheld by the administrative decision of September 23, 1991.

The circuit court reversed the administrative decision, holding that the statute of limitations was not applicable to this case. The circuit court found that the Appellees' 1978 tax return was a request for relief from the imposition of the tax and the Commissioner' response, advising the Appellees that such was not deductible until he became the age of sixty-five, effectively tolled the statute of limitations.

### III.

The only issue before the Court is whether the circuit court erred in determining that the Appellees' filing of their 1978 tax return equitably tolled the statute of limitations for filing a request for refund of taxes paid for the years 1978 to 1984. The Appellant argues that the Appellees not only failed to timely file a claim for refund for the 1978 tax year, but also abandoned any refund claim they may have had for that year by not following the procedures for challenging a ruling made by the Commissioner set forth in West Virginia Code § 11–10–14(d) (1995). Further, the Appellant maintains that even if the Appellees' 1978 tax return tolled the statute of limitations for the 1978 tax year, the limitation periods for the tax years 1979 through 1984 were never tolled because after filing the 1978 return, the taxpayers did not again claim a deduction from state income tax with regard to federal retirement benefits until 1985. Finally, the Appellant contends that there is no justification for the equitable tolling of the statute of limitations in this case. In contrast, the Appellees maintain that equitable estoppel is appropriate since: 1) the Commissioner misrepresented [10] to Mr. Bradley that he could not deduct federal retirement benefits until he reached the age of sixty-five; 2) the Appellees reasonably relied upon the Commissioner's statement; and 3) the Appellees relied upon said misrepresentation to their detriment from 1978 through 1984 since taxes were paid during this time period.

■ In order for the Appellees to have been in a posture to receive a refund for the years 1978 to 1984, they would have had to comply with the unequivocal mandate of West Virginia Code § 11–10–14(c) and (d) (1995) which provide, in part:

(c) *Claims for refund or credit.*—No refund or credit shall be made unless the taxpayer has timely filed a claim for refund or credit with the tax commissioner. A person against whom an assessment or an administrative decision has become final shall not be entitled to file a claim for refund or credit with the tax commissioner as prescribed herein. The tax commissioner shall determine the taxpayer's claim and notify the taxpayer in writing of his determination.

(d) *Petition for refund or credit; hearing.*—If the taxpayer is not satisfied with the tax commissioner's determination of his claim for refund or credit, or if the tax commissioner has not determined the taxpayer's claim within ninety days after such claim was filed, or six months in the case of claims for refund or credit of the taxes imposed ... the taxpayer may file with the tax commissioner, either personally or by certified mail, a petition for refund or credit: Provided, That no petition for refund or credit may be filed more than sixty days after the taxpayer is served with notice of denial of his claim.

*Id.* Hence, a taxpayer's failure to abide by the express procedures established for challenging a decision of the Commissioner,

---

9. The Appellees were granted a refund for the years 1986 and 1987, since Mr. Bradley timely filed amended personal income tax returns for those years. According to the record, the 1985 refund is still pending. The 1985–1987 returns are not the subject of the present appeal.

10. The Appellees maintain that the Commissioner's explanation with regard to the 1978 return that "[c]ivil service retirement not a deduction until 65 years of age[,]" was the misrepresentation upon which the Appellees relied. According to the Appellees, this statement constituted a misrepresentation because federal retirement benefits were not *totally* excludable upon turning 65, but rather according to West Virginia Code § 11–21–12(c)(7), taxpayers over the age of 65 could exclude from their taxable income up to $8000 received from any source, including the federal civil service retirement system.

enunciated in West Virginia Code § 11–10–14(c) and (d), precludes the taxpayer's claim for refund or credit.

 Further, West Virginia Code § 11–10–14(1) (1995) provides the statute of limitations for refund and/or credit claims as follows:

> Whenever a taxpayer claims to be entitled to a refund or credit of any tax ... such taxpayer shall, except as provided in subsection (d), file his claim within three years after the due date of the return in respect of which the tax was imposed or within two years from the date the tax was paid, whichever of such periods expires the later....

W.Va.Code § 11–10–14(*l* ). Thus, the statute of limitations for taxpayer claims found in West Virginia Code § 11–10–14(*l* ), prohibits any claim for refund or credit unless the taxpayer files said claim "within three years after the due date of the return in respect of which the tax was imposed or within two years from the date the tax was paid, whichever of such periods expires the later." *See id.*[11]

It is clear that the Appellees failed to file any claim for refund with respect to the 1979 through 1984 period. Further, with respect to the 1978 return, while the Appellees received from the Commissioner a notice of "INSTRUCTIONS AND EXPLANATIONS OF CORRECTIONS MADE TO YOUR RETURN" for the 1978 return, the Appellees voluntarily chose to blindly follow the explanation given by the Commissioner rather than challenge that explanation by filing a petition for refund and request for hearing with the Commissioner, within sixty days after being served with the notice of the denial of said refund. *See* W.Va.Code § 11–10–14(d); *see also First Alabama Bank, N.A v. United States*, 981 F.2d 1226, 1228–29 (11th Cir.1993) ("Taxpayers knew or should have known that the original ... statutory notices of disallowance triggered the commencement of the two-year statute of limita-

tions.... The ... [taxpayers] could not have reasonably relied upon the IRS agent's oral representation that the statute was not running in light of the *express statutory requirement that extensions of the two-year statute of limitations be in writing.*") (emphasis added, in part). Accordingly, based upon the Appellees' failure to follow the relevant statutory procedures and time frames for filing their claims for refund, they are precluded under the statute from receiving any refunds, unless the equitable doctrine of estoppel precludes the running of the statute of limitations.

 It is apparent from the circuit court's May 17, 1994, order that it relied upon this equitable doctrine in rendering its decision. While the circuit court couched its ruling in terms of an equitable tolling of the statute of limitations, it applied the doctrine of equitable estoppel given that the focus of the court's decision was on an alleged misrepresentation made by the Commissioner in his May 15, 1979, response to the Appellees' failure to include Mr. Bradley's federal retirement benefits in his calculation of taxes for 1978. As we explained in *Independent Fire Company No. 1 v. West Virginia Human Rights Commission*, 180 W.Va. 406, 376 S.E.2d 612 (1988), " 'two types of equitable modification [regarding the statute of limitations] are generally recognized: "(1) equitable tolling, which often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant and (2) equitable estoppel, which usually focuses on the actions of the defendant." ' " *Id.* at 408, 376 S.E.2d at 614 (quoting *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir.1986) (citation omitted)).

 We have previously held that "[e]stoppel applies when a party is induced to act or to refrain from acting to her detriment because of her reasonable reliance on another party's misrepresentation or concealment of a material fact." Syl. Pt. 2, in part, *Ara v.*

---

**11.** It is without dispute that " '[s]tates may avail themselves of a variety of procedural protections against any disruptive effects of a tax scheme's invalidation, such as providing by statute that refunds will be available to only those taxpayers paying under protest, or enforcing relatively short statutes of limitation applicable to refund actions.' " *State ex rel. Paige v. Canady*, 189 W.Va. 650, 654, 434 S.E.2d 10, 14 (1993) (quoting *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco*, 496 U.S. 18, 50, 110 S.Ct. 2238, 2257, 110 L.Ed.2d 17 (1990)).

*Erie Ins. Co.,* 182 W.Va. 266, 387 S.E.2d 320 (1989). Further,

> [i]n order to create an estoppel to plead the statute of limitations the party seeking to maintain the action must show that he was induced to refrain from bringing his action within the statutory period by some affirmative act or conduct of the defendant or his agent and that he relied upon such act or conduct to his detriment.

Syl. Pt. 1, *Humble Oil & Ref. Co. v. Lane,* 152 W.Va. 578, 165 S.E.2d 379 (1969); *see Estate of Dearing ex rel. Dearing v. Dearing,* 646 F.Supp. 903, 907 (S.D.W.Va.1986) (stating that "[i]n the absence of an affirmative act by the Defendants which induces the Plaintiffs to refrain from timely bringing suit, the Plaintiffs cannot successfully make out a case for estoppel").

■ Finally,

> '[t]he doctrine of estoppel should be applied cautiously, only when equity clearly requires that it be done, and *this principle is applied with especial force when one undertakes to assert the doctrine of estoppel against the state.*' Syllabus Point 7, *Samsell v. State Line Development Co.,* 154 W.Va. 48, 174 S.E.2d 318 (1970).

Syl. Pt. 5, *McFillan v. Berkeley County Planning Comm'n,* 190 W.Va. 458, 438 S.E.2d 801 (1993) (emphasis added); *see Heckler v. Community Health Servs.,* 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984) (stating that "Government may not be estopped on the same terms as any other litigant").

■ In applying these principles to the present case, it becomes clear that the doctrine of equitable estoppel is simply inapplicable. For the Appellant to have been precluded from asserting that the statute of limitations had run, there must have been a misrepresentation, or some affirmative conduct, by the Commissioner to the Appellees which induced the Appellees to refrain from following the statutory procedures for challenging the Commissioner's decision. *See Ara,* 182 W.Va. at 267, 387 S.E.2d at 321; *Humble Oil & Ref. Co.,* 152 W.Va. at 578, 165 S.E.2d at 380. Simply stated, the Commissioner's May 15, 1979, letter to the Appellees, was an accurate representation of the law of this state pertaining to the taxation of federal retirement benefits as it existed at that time. While the Commissioner's statement was not an exact recitation of the pertinent statutory provision, it correctly conveyed to the Appellees that there were no provisions which allowed for any deduction of federal retirement benefits until the taxpayer was sixty-five. Moreover, nothing in the Commissioner's response could constitute an affirmative act which would have reasonably induced the Appellees to refrain from further challenging the Commissioner's decision. Finally, there was absolutely no way the Commissioner could foresee that some ten years after his decision, the law upon which he relied in his response to the Appellees would be declared unconstitutional by the United States Supreme Court. *See Davis,* 489 U.S. at 817, 109 S.Ct. at 1508–09. Having concluded that the Appellees failed to establish the first element of the doctrine of equitable estoppel, we find that the circuit court erroneously tolled the statute of limitations in reliance upon said doctrine.

Based on the foregoing, the decision of the Circuit Court of Cabell County is hereby reversed and the circuit court is hereby ordered to reinstate the Commissioner's September 23, 1991, administrative decision.

Reversed and remanded with directions.