# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

_____

No. 21-0300

_____

HELEN ADKINS
Plaintiff Below, Petitioner,

v.

CAROLYN CLARK, M.D.,
Defendant Below, Respondent.

**FILED**

**June 14, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Appeal from the Circuit Court of Cabell County
The Honorable Chris Chiles, Judge
Civil Action No. 20-C-391

AFFIRMED

_____

Submitted: April 13, 2022
Filed: June 14, 2022

Lonnie C. Simmons, Esq.
DIPIERO SIMMONS MCGINLEY
& BASTRESS, PLLC
Charleston, West Virginia
Counsel for Petitioner

D.C. Offutt, Jr., Esq.
Laci Browning, Esq.
Offutt Nord, PLLC
Huntington, West Virginia
Counsel for Respondent

JUSTICE WALKER delivered the Opinion of the Court.

JUSTICE BUNN did not participate in the decision of this case.

**SYLLABUS BY THE COURT**

1.      "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." *State ex rel. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

2.      The failure of a healthcare provider to unequivocally decline pre-suit mediation in a response to a notice of claim does not serve to toll the statute of limitations beyond the statutorily prescribed time periods set forth in the provisions of West Virginia Code § 55-7B-6(i).

3.      "In order to create an estoppel to plead the statute of limitations the party seeking to maintain the action must show that he was induced to refrain from bringing his action within the statutory period by some affirmative act or conduct of the defendant or his agent and that he relied upon such act or conduct to his detriment."  Syllabus Point 1, *Humble Oil & Refining Co. v. Lane*, 152 W. Va. 578, 165 S.E.2d 379 (1969).

4.      "The doctrine of estoppel should be applied cautiously and only when equity clearly requires it to be done." Syllabus Point 3, *Humble Oil & Refining Co. v. Lane*, 152 W. Va. 578, 165 S.E.2d 379 (1969).

WALKER, Justice:

In March 2018, Petitioner Helen Adkins had surgery performed by Carolyn Clark, M.D. Alleging that she was injured by the surgery, in 2020 Ms. Adkins sent a notice of claim and certificate of merit consistent with the pre-suit notice requirements of the West Virginia Medical Professional Liability Act (MPLA) to Dr. Clark. Counsel for the parties corresponded by letter about the claim, but Dr. Clark neither requested pre-suit mediation nor declined it. Ms. Adkins did not file her claim until months later when she received a response letter from Dr. Clark explicitly declining pre-suit mediation – long after the expiration of the statute of limitations and any statutory tolling periods. The circuit court granted Dr. Clark's motion to dismiss the claim on the grounds that the MPLA does not permit an indefinite tolling of the statute of limitations to facilitate pre-suit mediation and there was no evidence of any affirmative conduct by Dr. Clark that would have induced Ms. Adkins to delay filing her claim so as to equitably toll the statute of limitations. On appeal, we affirm the circuit court's order concluding that Ms. Adkins's claim was not timely filed and dismissing it with prejudice.

## I.    Factual and Procedural History

On March 22, 2018, Dr. Clark performed a total abdominal hysterectomy with bilateral salpingo-oophorectomy and lysis of adhesions on Ms. Adkins. During that procedure, Ms. Adkins alleges Dr. Clark caused a left ureteral injury, requiring Ms. Adkins to undergo additional subsequent surgeries. Dr. Clark referred Ms. Adkins to another

1

physician for repair of the left ureteral injury on March 28, 2018.  Ms. Adkins sent Dr. Clark a notice of claim dated February 27, 2020, stating that the injury was discovered "on or after March 22, 2018" and indicating that she needed an additional sixty days to obtain a screening certificate of merit, consistent with West Virginia Code § 55-7B-6(d) (2019).

In light of the COVID-19 pandemic, this Court issued an Administrative Order on May 6, 2020, stating that "[s]tatutes of limitations and statutes of repose that would otherwise expire during the period of judicial emergency between March 23, 2020, and May 15, 2020, shall expire on May 18, 2020."  And, conversely, "[d]eadlines, statutes of limitations, and statutes of repose that do not expire during the period of judicial emergency between March 23, 2020, and May 15, 2020, are not extended or tolled by this or prior orders[.]" As a result, Ms. Adkins's deadline to obtain a screening certificate of merit was extended to May 18, 2020.

On May 18, 2020, Ms. Adkins sent Dr. Clark a revised notice of claim, together with a screening certificate of merit.[1]  But before receiving the revised notice of claim or screening certificate of merit, Dr. Clark's counsel had sent a letter dated May 13, 2020, to Ms. Adkins's counsel requesting that Ms. Adkins sign an authorization for Dr.

---

[1] The screening certificate of merit, also dated May 18, 2020, states "the undersigned hereby certifies that the case of Helen Adkins claiming malpractice or medical negligence that was discovered or occurred on March 9, 2017, is meritorious . . . ."  But, noting this discrepancy, Dr. Clark explicitly waived any challenge to the screening certificate of merit for the purposes of her motion to dismiss.

Clark to collect medical records to "determine whether or not pre-suit mediation is advantageous." On August 31, 2020, Dr. Clark's counsel forwarded to Ms. Adkins's counsel the medical records it obtained through the provided authorization and noted that additional records would be provided upon receipt.

After there were no additional communications, on November 13, 2020, Ms. Adkins's counsel inquired whether Dr. Clark was requesting pre-suit mediation. By letter dated November 17, 2020, counsel responded that Dr. Clark had chosen not to request pre-suit mediation under the MPLA and had not responded to the revised notice of claim and screening certificate of merit within thirty days.[2] Under the tolling provisions of the MPLA, the complaint had to be filed thirty days after that failure to respond. So, Dr. Clark's counsel stated that the statute of limitations had expired and the claim was now untimely.

Ms. Adkins nevertheless filed her complaint in the Circuit Court of Cabell County on November 23, 2020, and Dr. Clark responded with a motion to dismiss, arguing

---

[2] Counsel later clarified in its motion to dismiss Ms. Adkins's complaint that the revised notice of claim and certificate of merit were received on May 26, 2020, making the response due June 26, 2020, and the tolling provisions in place for the claim until July 26, 2020. Ms. Adkins's complaint alleges that the revised notice of claim and certificate of merit were received by Dr. Clark on May 20, 2020. Both parties rely on the return receipt but the handwritten date is difficult to make out as either 20 or 26. We use May 26, 2020, to give Ms. Adkins the benefit of the latest possible deadline to file her claim.

3

that the statute of limitations had expired. The circuit court granted Dr. Clark's motion and dismissed the claim with prejudice. This appeal followed.

## II.    Standard of Review

Our review of the circuit court's order dismissing Ms. Adkins's complaint as untimely is plenary: "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."[3]

## III.    Analysis

We begin our analysis by clarifying what is not at issue here. First, there is no dispute that the original notice of claim filed on February 27, 2020, was filed within and tolled the applicable statute of limitations for Ms. Adkins's alleged injury.[4] Second, there is no dispute that the screening certificate of merit was timely filed within the sixty days permitted by West Virginia Code § 55-7B-6(d). On that point, although the screening certificate of merit would have been due on April 27, 2020, because that date fell within the time period addressed in our Administrative Order postponing those deadlines to May 18, 2020, Ms. Adkins's screening certificate of merit was timely. The issue before us is

---

[3] *State ex rel. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

[4] Dr. Clark similarly does not raise any issue here with the amended notice of claim. The circuit court's order gave Ms. Adkins the benefit of the latest accrual date, and we are without sufficient information in the record on appeal to address any factual or discovery rule issues. Because we conclude that the statute of limitations has passed even giving Ms. Adkins the same benefit the circuit court did, those issues are not germane to our analysis.

the effect on the tolling provisions of the MPLA of Dr. Clark's letter asking for authorization to obtain medical records so that counsel could determine whether pre-suit mediation would be beneficial.

West Virginia Code §§ 55-7B-6(f) - (i) inform our discussion here, which centers on the MPLA's pre-suit notice requirements, the right to pre-suit mediation, and the corresponding tolling provisions in place to enable compliance with those requirements and that right. Subsection (f) states, in relevant portion, that a

> health care provider who receives a notice of claim pursuant to the provisions of this section may respond, in writing, to the claimant or his or her counsel within . . . 30 days of receipt of the screening certificate of merit if the claimant is proceeding pursuant to the provisions of subsection (d) or (e) of this section. The response may state that the health care provider has a bona fide defense and the name of the health care provider's counsel, if any.[5]

According to section (g), that response may also include a demand for prelitigation mediation:

> [u]pon receipt of the notice of claim or of the screening certificate of merit, if the claimant is proceeding pursuant to the provisions of subsection (d) or (e) of this section, the health care provider is entitled to prelitigation mediation before a qualified mediator upon written demand to the claimant.

---

[5] Subsections (d) and (e) of West Virginia Code § 55-7B-6 specify that a claimant may furnish the health care provider with a statement of intent to provide a screening certificate of merit within sixty days of the notice of claim if the claimant is unable to obtain a screening certificate of merit prior to the expiration of the statute of limitations.

Subsection (h) tells us that if such a demand for prelitigation mediation is made, that mediation must be concluded within 45 days of the written demand. And, most important for our purposes is subsection (i)(1), which addresses the tolling of the statute of limitations, and provides in relevant part:

> except as otherwise provided in this subsection, any statute of limitations applicable to a cause of action against a health care provider upon whom notice was served for alleged medical professional liability shall be tolled from the date of mail of a notice of claim to 30 days following receipt of a response to the notice of claim, 30 days from the date a response to the notice of claim would be due, or 30 days from the receipt by the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded, whichever last occurs.

This subsection (i)(1) provides three circumstances that begin the thirty-day clock to file the complaint if the statute of limitations has expired: (1) receipt of a response from the health care provider; (2) no response from the health care provider after 30 days; and (3) notification from a mediator that settlement was unsuccessful.

Here, at the time of Dr. Clark's May 13, 2020 letter, the screening certificate of merit had not yet been provided and Ms. Adkins could not have filed her complaint thirty days from receipt of that response in any case because the pre-suit notice requirements were not yet met. So, the relevant thirty-day time frame would have begun from the date Ms. Adkins provided the amended notice of claim and screening certificate of merit. Dr. Clark received the amended notice of claim and screening certificate of merit on May 26, 2020. Under West Virginia Code § 55-7B-6(f), Dr. Clark had thirty days from

then to respond; she did not. Her non-response triggered circumstance two of West Virginia Code § 55-7B-6(i)(1): that the tolling ceases thirty days from the date a response would have been due. The statute of limitations ran in late July 2020 and Ms. Adkins did not file her complaint until November 2020.

Giving Ms. Adkins the benefit of every inference does not change the outcome that her complaint was not timely filed. Even if we assume that the May 13, 2020 letter constituted a "response" for purposes of these provisions, the statute of limitations would have run on June 13, 2020. And, if we assume that the August 31, 2020 letter forwarding medical records to Ms. Adkins's counsel constituted a "response," Ms. Adkins fares no better. Dr. Clark's response would have been due within thirty days of receipt of the amended notice of claim and screening certificate of merit (June 26, 2020), and would have been untimely, so we are still in the category of a non-response. For that reason, the August 31, 2020 letter could not serve as a "response" that would further toll the statute of limitations under West Virginia Code § 55-7B-6(i)(1). And, even if it did further toll the statute of limitations as a timely "response" (even one that still did not invoke any right to pre-suit mediation), the statute of limitations would have run thirty days later, on October 1, 2020 – nearly two months before Ms. Adkins filed her complaint.

Ms. Adkins argues that the May 13, 2020 letter from Dr. Clark asking for medical record authorizations constituted a response and that it gave the impression that Dr. Clark was considering prelitigation mediation. Likewise, a paralegal for Dr. Clark's

7

counsel forwarded the medical records obtained pursuant to that authorization, leading Ms. Adkins to further believe that she was respecting Dr. Clark's absolute right to prelitigation mediation by not filing suit until Dr. Clark had the ability to consider the medical records. For that reason, Ms. Adkins argues that none of the circumstances of West Virginia Code § 55-7B-6(i)(1) apply here, and the complaint was timely filed once Dr. Clark unequivocally declined mediation in her November 17, 2020 letter after prompting from Ms. Adkins's counsel.

While it is true that West Virginia Code § 55-7B-6(g) gives a healthcare provider an absolute right to mediation, that right is not infinitely available. Subsection (f) clearly contemplates that the healthcare provider has thirty days to respond and that response may, pursuant to subsection (g), include a written demand for mediation. Conversely, the response may outright reject mediation, raise bona fide defenses, or merely provide the name of counsel. The MPLA does not require any response whatsoever to a notice of claim and/or screening certificate of merit. Similarly, there is no requirement that the healthcare provider unequivocally reject prelitigation mediation before a plaintiff may file a complaint – the plaintiff must simply wait thirty days to give the healthcare provider the opportunity to request it. Importantly, the only "response" that further tolls the statute of limitations under West Virginia Code § 55-7B-6(i)(1) is the invocation of the right to pre-litigation mediation. West Virginia Code § 55-7B-6(h) requires that the mediation be held within 45 days, and (i)(1) tolls the statute of limitations 30 days from the claimant's receipt of notice from the mediator that the mediation was unsuccessful.

8

Ms. Adkins's reading of these statutes would dictate a rule that a health care provider can take all the time in the world to decide whether to exercise the right to pre-suit mediation and leave the plaintiff in limbo in the meantime. That runs contrary to the requirement that a response to a notice of claim and certificate of merit demanding prelitigation mediation under West Virginia Code § 55-7B-6(g), if the healthcare provider chooses to make such a demand, must be made within thirty days, consistent with West Virginia Code § 55-7B-6(f). That time frame is inherently clear because the MPLA permits a plaintiff to file his or her complaint in the absence of a demand for mediation once pre-suit notice requirements have been met and the response time period contemplated in §55-7B-6(f) has been observed, at which point *pre*-suit mediation becomes a misnomer. And, if the statute of limitations, absent tolling, would have otherwise expired, the complaint must be filed consistent with the tolling provisions of West Virginia Code § 55-7B-6(i) or be ruled untimely.

In this case, there is nothing in the parties' communications that constitutes an invocation of the right to pre-suit mediation and Dr. Clark waived that right by not requesting it. So, once the thirty days to respond and request pre-suit mediation had expired, the thirty-day clock for Ms. Adkins to file her suit began running because the impending statute of limitations was tolled only to the extent permissible under § 55-7B-6(i)(1) to permit her to comply with the MPLA's pre-suit notice requirements.

Ms. Adkins's final argument is that healthcare providers are entitled to mediate pre-suit, that a goal of the MPLA is to encourage settlement of meritorious claims before they are filed, and that it is inequitable to hold her good faith effort to settle the case against her. In cases where a healthcare provider seeks extra time to review records or engage in discussions with plaintiff relative to mediation or settlement pre-suit, the parties are certainly free to enter into an agreement that defendant will not assert the statute of limitations as a defense. Such an agreement accomplishes the goals that Ms. Adkins argues are undermined when the statute of limitations is strictly applied in circumstances such as this but affords the parties additional time to engage in discussions to settle the case before filing. Where, as here, there is no such agreement, we are not at liberty to read into the MPLA an indefinite tolling of the statute of limitations, just as we are not permitted to read into the MPLA an indefinite opportunity for a healthcare provider to demand prelitigation mediation before a complaint may be filed. Accordingly, we hold that the failure of a healthcare provider to unequivocally decline pre-suit mediation in a response to a notice of claim does not serve to toll the statute of limitations beyond the statutorily prescribed time periods set forth in the provisions of West Virginia Code § 55-7B-6(i).

Similarly, as to the equitable tolling and/or application of equitable estoppel Ms. Adkins seeks, it simply is not consistent with these facts or with this statutory scheme. We have repeatedly found that "statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. It has been widely held that such exceptions 'are strictly construed and are not enlarged by

10

the courts upon considerations of apparent hardship.'"[6]  And, "[b]y strictly enforcing statutes of limitations, we are both recognizing and adhering to the legislative intent underlying such provisions."[7] With respect to equitable tolling and facts such as these, we have discussed that

> our prior cases concerning proposed equitable exceptions to statutes of limitations indicate that this Court is unwilling to extend the applicable statutory period in order to cure filing defects that could have been avoided had the plaintiff's attorney been more conscientious in adhering to the statutory deadline.  The ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time.[8]

Though Ms. Adkins appears to raise both, we have differentiated equitable tolling from equitable estoppel: "two types of equitable modification [regarding the statute of limitations] are generally recognized: '(1) equitable tolling, which often focuses on the plaintiff's excusable ignorance of the limitations period and lack of prejudice to the

---

[6] *Humble Oil & Refining Co. v. Lane*, 152 W. Va. 578, 583, 165 S.E.2d 379, 383 (1969) (quoting *Woodruff v. Shores*, 190 S.W.2d 994, 996 (Mo. 1945)).  *Accord*, *Perdue v. Hess*, 199 W. Va. 299, 303, 484 S.E.2d 182, 186 (1997); *Johnson v. Nedeff*, 192 W. Va. 260, 263, 452 S.E.2d 63, 66 (1994).

[7] *Johnson*, 192 W. Va. at 265, 452 S.E.2d at 68.

[8] *Perdue*, 199 W. Va. at 303, 484 S.E.2d at 186 (citation omitted).

11

defendant and (2) equitable estoppel, which usually focuses on the actions of the defendant.'"[9]

As to equitable tolling, we have already explained that plaintiff's reading of the statutory framework surrounding the tolling provisions is unsupportable. The provisions of the MPLA are clear that the statute of limitations is not indefinitely tolled until a healthcare provider unequivocally declines pre-suit mediation. For that reason, equitable tolling does not apply and we need not discuss prejudice when the excusable ignorance factor has not been met.

As to equitable estoppel, we have held that

> [i]n order to create an estoppel to plead the statute of limitations the party seeking to maintain the action must show that he was induced to refrain from bringing his action within the statutory period by some affirmative act or conduct of the defendant or his agent and that he relied upon such act or conduct to his detriment.[10]

The facts of this case do not give us any cause to conclude that some affirmative act of Dr. Clark indicated a willingness to waive a statute of limitations defense inducing Ms. Adkins to forego filing her complaint in a timely manner. This Court dealt with a similar issue in *Humble Oil & Refining Co. v. Lane*, where the plaintiff relied on lengthy correspondence

---

[9] *Bradley v. Williams*, 195 W. Va. 180, 184, 465 S.E.2d 180, 184 (1995) (quoting *Independent Fire Co. No. 1 v. West Virginia Human Rights Commission* 180 W. Va. 406, 408, 376 S.E.2d 612, 614 (1988)) (internal quotations omitted).

[10] Syl. Pt. 1, *Humble Oil & Ref. Co.*, 152 W.Va. 578, 165 S.E.2d 379 (1969).

with an insurance company about a property damage claim.[11]  There, we explained that there was neither conduct nor statements on behalf of the insurance company that could have reasonably been relied upon by the plaintiff in delaying the filing of his action:

> Motorists Mutual did not admit liability; it did not promise to pay any amount or to settle the claim; it did not say it would not plead the statute of limitations; it did not say that it would pay or settle when the personal injury claim was disposed of; nor did it request the plaintiff to refrain from suing. In this regard, the most that can be said of the correspondence is that Motorists Mutual said they would consider the plaintiff's claim upon the disposition of Mr. Taylor's personal injury claim.[12]

Here, Dr. Clark did not admit liability, did not request pre-suit mediation, did not promise to pay an amount to settle the claim, did not promise to waive the statute of limitations defense, and did not ask Ms. Adkins to refrain from filing suit.  As in *Humble Oil*, at most, Dr. Clark said she would consider the claim and Ms. Adkins made a unilateral assumption that she could wait to file until Dr. Clark had decided one way or the other to settle the case.[13]  "The doctrine of estoppel should be applied cautiously and only when equity clearly requires it to be done."[14] Given the communications between Dr. Clark and Ms. Adkins, we are unpersuaded that equity demands this Court conclude that Ms. Adkins's complaint was filed within the statute of limitations and affirm the circuit court's order.

---

[11] 152 W. Va. at 584, 165 S.E 2d. at 383.

[12] *Id.* at 584-85, 165 S.E.2d at 384.

[13] Appellate counsel did not represent Ms. Adkins below.

[14] Syl. Pt. 3, *Humble Oil*.

## IV.    Conclusion

For the reasons set forth above, we affirm the March 16, 2021 order of the Circuit Court of Cabell County dismissing the action with prejudice.

Affirmed.