No. 33834    -    <u>Paul E. Forshey and Melissa L. Forshey v. Theodore A. Jackson, MD.</u>

**FILED**

**January 9, 2009**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, J., Concurring:

I agree fully with the majority's decision in this case. I choose to write separately to respond to allegations in the dissenting opinion that this Court has, in this case, rendered an inconsistent and result driven opinion. The dissent contends that the majority opinion is inconsistent with an earlier opinion handed down this term in the case of *Rashid v. Tarakji*, No. 33596, ___ W. Va.___, ___ S.E.2d ___ (November 5, 2008). I disagree.

First, the facts and law upon which our decision in *Rashid v. Tarakji* was based are distinctly different from those involved in the instant case. Notably, the lawsuit in *Rashid* had been timely filed, but the circuit court attempted to dismiss the case under Rule 41(b) of the West Virginia Rules of Civil Procedure after a long period of inaction and the plaintiff's failure to pay a twenty dollar court fee. Thus, the case involved an application of Rule 41(b). Because the lower court had failed to follow the established notice requirements of Rule 41(b), this Court, applying clearly established law, properly concluded that because of the lower court's failure to provide proper notice and an opportunity for the plaintiff to be heard before the dismissal of the case, the circuit court's "dismissal order was *void ab initio*, and

1

thus, had no legal effect." *Rashid*, slip. op at 13.[1]

To the contrary, the case sub judice does not involve Rule 41(b) or the dismissal of a properly filed case. Rather, the instant case involves a cause of action that was not filed until more than ten years had passed from the date of injury. In this regard, the West Virginia Legislature has established a statute of repose, found at W. Va. Code § 55-7B-4 (1986) (Repl. Vol. 2008), under which the Legislature has declared that "in no event shall any such action be commenced more than ten years after the date of injury." While the majority opinion recognized that justice requires an exception to this rule, and therefore adopted the continuous medical treatment doctrine, the majority opinion correctly concluded that the rule simply does not apply in cases such as this where there is a definitely ascertainable date of injury. As the majority opinion explained "the continuous medical treatment doctrine is intended to aid victims of medical malpractice who are unable to pinpoint the exact date of their injury due to the continuing nature of their medical treatment." Maj. slip op. at 16. In this instance, "Mr. Forshey's injury did not result from a continuing course of treatment that rendered him unable to identify the precise date of his injury." Maj. slip op. at 20. Therefore, the majority correctly applied the appropriate law in concluding that the continuing treatment doctrine did not apply to Mr. Forshey's cause of

---

[1]It should be noted that, deeming myself disqualified, I did not participate in the decision of *Rashid v. Tarakji*, No. 33596, ___ W. Va.___, ___ S.E.2d ___ (November 5, 2008).

2

action.

Furthermore, the Majority's resolution of this case follows this Court's history of strictly adhering to statutes of limitation and repose. Indeed, it has been recognized that

> No rule of law could be more widely accepted and easily understood than that a statute of limitations imposes a bright line test as to when a cause of action has been timely filed. *See, e.g.*, *Cart v. Marcum*, 188 W. Va. 241, 245, 423 S.E.2d 644, 648 (1992) (recognizing "predictability that bright line rules like a strict statute of repose create"). Correspondingly, this Court traditionally has been reluctant to find exceptions to the filing requirements imposed by a statute of limitations and has enforced such temporal limits as they are written. *See, e.g.*, *Humble Oil & Ref. Co. v. Lane*, 152 W. Va. 578, 583, 165 S.E.2d 379, 383 (1969) (declaring that statutes of limitation "are entitled to the same respect as other statutes, and ought not to be explained away" (internal quotations and citations omitted)).

*Wright v. Myers*, 215 W. Va. 162, 166, 597 S.E.2d 295, 299 (2004) (Davis, J., dissenting). *See also* Syl. pt. 2, *Perdue v. Hess*, 199 W. Va. 299, 484 S.E.2d 182 (1997) ("The ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time.") ; *Johnson v. Nedeff*, 192 W. Va. 260, 266, 452 S.E.2d 63, 69 (1994) ("[T]he statute of limitations does not distinguish between a just and unjust claim. . . . [T]he object of statutes of limitations is to compel the bringing of an action within a reasonable time."); *Humble Oil & Ref. Co. v. Lane*, 152 W. Va. 578, 583, 165 S.E.2d 379, 383 (1969) ("[S]tatutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. It has been widely held that such exceptions 'are strictly construed and are not enlarged by the courts upon considerations

3

of apparent hardship.'" (quoting *Woodruff v. Shores*, 354 Mo. 742, 746, 190 S.W.2d 994, 996, 166 A.L.R. 957, 960 (1945)).

Finally, though I disagree with the dissent's contention that the instant opinion is in any way inconsistent with the opinion in *Rashid*, I wish to point out that, due to illness and disqualifications, the jurists who decided the two cases differed significantly. *Rashid* was decided by a four-member Court made up of Chief Justice Maynard and Justice Starcher, along with Judge Walker and Senior Status Judge Egnor sitting by temporary assignment.[2] However, the instant case was decided by a five-member Court made up of Chief Justice Maynard, Justice Starcher, Justice Davis, myself, and Judge Blake sitting by temporary assignment. Thus, in the absence of continuity in the Court with respect to these two opinions, the dissent's assertion that this Court, as an institution, "will do whatever it takes to protect doctors and lawyers from malpractice claims" is a disingenuous claim.

Accordingly, for the reasons herein stated, I concur in the majority opinion.

---

[2]Judge Walker dissented from the Court's decision in *Rashid*.

4