**ELK RUN COAL COMPANY, Plaintiff,**

v.

**Bruce BABBITT, Secretary of the United States Department of Interior; and Robert Uram, Director of the Office of Surface Mining, Reclamation, and Enforcement, Defendants.**

**Civil A. No. 2:95–1149.**

United States District Court,
S.D. West Virginia,
Charleston Division.

July 1, 1996.

Robert G. McLusky, James R. Snyder and M. Shane Harvey, Jackson & Kelly, Charleston, WV, for plaintiff.

Rebecca A. Betts, U.S. Attorney, and Gary L. Call, Assistant U.S. Attorney, Southern District of West Virginia, Charleston, WV, Wayne A. Babcock, U.S. Attorney, Office of the Solicitor, Pittsburgh, PA, for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendants' Motion for Extension of Time to File Notice of Appeal. The Court **DENIES** the motion.

On March 18, 1996, the Court denied the Government's Motion to Dismiss this action and granted Elk Run's Motion for Summary Judgment. The date for filing a notice of appeal of that Memorandum Opinion and Order was May 17, 1996. On May 16, 1996, counsel for the Government directed a member of the support staff to send a notice of appeal by overnight delivery. Because the notice was inadvertently sent by regular mail, it did not arrive at the Clerk's office until May 20, 1996, one business day after the filing deadline.

Rule 4(a)(5) of the *Federal Rules of Appellate Procedure* provides:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). . . .

The Supreme Court, in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), defined "excusable neglect" as used in the procedural rule authorizing a bankruptcy court to accept late filings, and our Court of Appeals determined "the Court intended its definition ... to be equally applicable to

Federal Rule of Appellate Procedure 4(a)(5)...." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir.1996). In *Pioneer*, the Supreme Court adopted a "flexible understanding" of the phrase "excusable neglect" and listed several factors for determining when neglect is excusable:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498. If this Court were free to apply the *Pioneer* test alone in its equitable determination, it would grant the Government's motion and allow it to file a notice of appeal, especially since the underlying action touches on issues of public concern.[1] A recent ruling by our Court of Appeals, however, established a bright line rule the Court must follow in this case, even though that rule divests the Court of the discretion the *Pioneer* decision seemed to confer.[2]

In *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530 (4th Cir.1996), the Court of Appeals adopted an inflexible barrier against late filings attributable to postal process mishaps. According to *Thompson*, " '[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." *Id.* at 534. Relying on pre-*Pioneer* advisory committee notes, the *Thompson* Court stated: "[a]s the advisory committee notes to Federal Rule of Civil Procedure Rule 73, from which Rule 4(a) is derived, emphasize, a district court should find 'excusable neglect' only in extraordinary cases where injustice would otherwise result". *Id.* (internal quotation marks and citations omitted).

In *Thompson*, the plaintiff's only explanation for the delay in filing her notice of appeal was that the post office took over three days to deliver the notice. The Court held that, unlike "the incarcerated, *pro se* litigant, the unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences if the notice of appeal fails to arrive within the applicable time period." *Id.* In support of that holding, the Court of Appeals quoted with approval from a pre-*Pioneer* Supreme Court decision, *Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 2382–83, 101 L.Ed.2d 245 (1988):

> ... And if [non *pro se* prisoner] litigants do choose to use the mail, they can at least place the notice directly into the hands of the postal service; and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry, they can personally deliver the notice at the last moment or that their monitoring will provide them with the evidence to demonstrate excusable neglect or that

---

**1.** In the instant action, three of the four factors listed in *Pioneer* favor of the Government; only the third *Pioneer* factor, which directs the Court to consider whether the reason for delay was within the reasonable control of Government counsel, militates against the finding of "excusable neglect."

**2.** The *Pioneer* Court recognized:

> the courts of appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable neglect," it is clear that "excusable neglect" ... is a somewhat "elastic concept."

*Pioneer*, 507 U.S. at 391–92, 113 S.Ct. at 1496. The majority in *Pioneer* stated:

> The dissent would permit judges to take account of the full range of equitable considerations only if they have first made a threshold determination that the movant is "sufficiently blameless" in the delay.... The only reliable means of eliminating the indeterminacy the dissent finds so troubling would be to adopt a bright line rule of the sort embraced by some Courts of Appeals, erecting a rigid barrier against late filings attributable in any degree to the movant's negligence. As we have suggested, however, such a construction is irreconcilable with our cases assigning a more flexible meaning to "excusable neglect."

*Id.* at 395 n. 14, 113 S.Ct. at 1498 n. 14.

the notice was not stamped on the date the court received it.

*Thompson,* 76 F.3d at 534. Based on that passage, the Court of Appeals held:

> Simply put, a non-prisoner litigant who entrusts his filing with the postal process, without taking further steps to ensure that the notice of appeal is timely "filed" with the district court, cannot establish excusable neglect.

*Id.* The Fourth Circuit dismissed the plaintiff's appeal in *Thompson* because, after depositing the notice of appeal in the mail, her counsel "failed to take any steps whatsoever to check on the letter's progress." *Id.* at 535. The Court found that "[r]ather than constituting an exceptional circumstance, the neglect at issue in this case is nothing more than inexcusable run-of-the-mill inattentiveness by counsel." *Id.*

Similarly, in the instant action, the Government entrusted its notice of appeal to the postal process without taking further steps to monitor its progress.[3] Given the Fourth Circuit's bright line rule, this Court cannot find excusable neglect in a case where a party entrusts its notice of appeal to the postal process and does not follow its progress even when, as here, the Court concludes the issues on appeal would affect matters of public concern. Accordingly, the Court must **DENY** the Government's Motion for Extension of Time to File Notice of Appeal.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

---

**3.** Although placing on movants the burden of personal delivery of notices of appeal works a greater hardship on out-of-town parties than on local movants, *Thompson* does not acknowledge the distinction. Thus, the Court may not consider the out-of-state location of Government counsel in its consideration of "excusable neglect."