617 S.E.2d 845

**CONCEPT MINING, INC., and the Ridge Land Company, Inc., Petitioners Below, Appellees,**

v.

**Virgil T. HELTON, Acting State Tax Commissioner of the State of West Virginia, Respondent Below, Appellant.**

**No. 31866.**

Supreme Court of Appeals of West Virginia.

Submitted: Feb. 23, 2005.

Filed: April 28, 2005.

Darrell V. McGraw, Jr., Attorney General, Stephen Stockton, Senior Assistant Attorney General, Charleston, for the Appellant.

David K. Higgins, Paul G. Papadopoulos, Robinson & McElwee, PLLC, Charleston, Monica Taylor Monday, Gentry Locke Rakes

& Moore LLP, Roanoke, VA, for the Appellees.

The Opinion of the Court was delivered PER CURIAM.

Justice BENJAMIN, deeming himself disqualified, did not participate in the decision of this case.

Judge WILSON, sitting by temporary assignment.

### PER CURIAM.

The appellant herein and respondent below, Virgil T. Helton,[1] Acting State Tax Commissioner of the State of West Virginia (hereinafter referred to as the "Tax Commissioner"), appeals from an order entered by the Circuit Court of Kanawha County on January 21, 2004. By that order, the circuit court determined that the Tax Commissioner was not permitted to appeal from the administrative decision finding that the appellees herein and petitioners below, Concept Mining, Inc., and The Ridge Land Company, Inc. (hereinafter collectively referred to as "Concept Mining" or "the Taxpayers"), were entitled to a refund of severance taxes they previously had paid to the Tax Commissioner. On appeal to this Court, the Tax Commissioner asserts that the circuit court erred by so ruling. Upon a review of the parties' arguments, the record designated for appellate review, and the pertinent authorities, we affirm the circuit court's decision.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying the instant appeal are not in dispute. On June 5, 2002, Concept Mining and The Ridge Land Company separately filed petitions in the Tax Commissioner's Office of Hearings and Appeals seeking refunds of severance taxes they had paid in tax years 1998 and 1999. Thereafter, the parties' separate petitions were consolidated for consideration and decision by the Office of Hearings and Appeals. A hearing was then held on October 30, 2002, with final briefs of the parties due on January 31, 2003, and the case being submitted for final decision on that date.

In the meantime, legislative changes resulted in the creation of a successor tribunal to the Tax Commissioner's Office of Hearings and Appeals: the Office of Tax Appeals. To effectuate a transition from the Office of Hearings and Appeals to the Office of Tax Appeals, the Legislature enacted W. Va.Code § 11–10–9 (2002) (Repl.Vol.2003), which provides, in pertinent part, that

> (b) All petitions which are on the tax commissioner's docket on the thirty-first day of December, two thousand two, for which no administrative hearing has been held, shall be transferred by the tax commissioner to the office of tax appeals no later than the thirty-first day of January, two thousand three; and thereafter, the petition shall, for all purposes except timeliness of filing, be treated as if it had been filed with the office of tax appeals.

> (c) All petitions which are on the tax commissioner's docket on the thirty-first day of December, two thousand two, for which an administrative hearing has been held prior to that date, shall remain on the tax commissioner's docket and the tax commissioner shall issue an administrative decision no later than the thirty-first day of March, two thousand three.

For purposes of the instant proceeding, the primary result of this change in tax decision tribunals concerns the ability of the Tax Commissioner to appeal the administrative decision to the circuit court. Under the former system, the Tax Commissioner could

---

1. Since the initiation of this lawsuit, Virgil T. Helton, Acting State Tax Commissioner of the State of West Virginia, has replaced former Tax Commissioner Rebecca Melton Craig as the Appellant to this proceeding. In accordance with Rule 27(c)(1) of the West Virginia Rules of Appellate Procedure, we will henceforth refer to Mr. Helton as the Tax Commissioner, except where context dictates a distinction be made. *See* W. Va. R.App. P. 27(c)(1) ("When a public officer is a party to an appeal or other proceeding in the Supreme Court in his official capacity and during its pendency ... ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded.").

not appeal decisions rendered by the Tax Commissioner's Office of Hearings and Appeals because the decisions were rendered by the Commissioner him/herself. *See* W. Va. Code § 11–10–10(a)(1) (2002) (Repl.Vol.2003) ("A taxpayer may appeal the administrative decision of the tax commissioner issued under section nine or fourteen [§ 11–10–9 or § 11–10–14] of this article, by taking an appeal to the circuit courts of this state within sixty days after being served with notice of the administrative decision."). By contrast, under the current system, the Tax Commissioner is permitted to appeal decisions issued by the newly-formulated Office of Tax Appeals. *See* W. Va.Code § 11–10A–19(a) (2002) (Repl.Vol.2003) ("Either the taxpayer or the commissioner, or both, may appeal the final decision or order of the office of tax appeals[.]"). *Cf.* W. Va.Code § 11–10–10(a)(2) ("A taxpayer may appeal the administrative decision of the office of tax appeals in accordance with the provisions of section nineteen [§ 11–10A–19], article ten-a of this chapter.").

Following the implementation of these statutory amendments, a final decision was rendered in the case *sub judice* on July 9, 2003, by the same administrative law judge who had conducted the aforementioned administrative hearing in this case on October 30, 2002, and who, at that time, was a hearing examiner for the Tax Commissioner's Office of Hearings and Appeals. At the time of the final decision on July 9, 2003, however, this presiding hearing examiner was an administrative law judge for the Office of Tax Appeals and, consequently, issued his decision on that tribunal's letterhead. In any event, the final decision ruled in favor of the Taxpayers and found them to be entitled to a refund of severance taxes they had paid because the imposition of such taxes on their mining activities violated their constitutional rights under the Import–Export Clause.[2]

Because the final decision was presumably rendered by the Office of Tax Appeals, the Tax Commissioner appealed the unfavorable ruling to the Circuit Court of Kanawha County. By order entered January 21, 2004, the circuit court found and concluded that

(A) The Tax Commissioner appointed R. Michael Reed, Administrative Law Judge of the Office of Hearings and Appeals, to hear and decide this matter at the administrative level.

(B) The administrative hearing was held in this matter on October 30, 2002, with Judge Reed serving as the Hearing Examiner.

(C) With this matter having been placed on the docket of the Tax Commissioner's Office of Hearings and Appeals prior to December 31, 2002 and the administrative hearing having been held prior to December 31, 2002, *W. Va.Code* § 11–10–9(c) required that this matter not be transferred to the Office of Tax Appeals but be resolved at the administrative level by the issuance of an administrative decision pursuant to *W. Va.Code* § 11–10–9(a) by the Tax Commissioner or an Administrative Law Judge designated by [him].

(D) The Final Decision issued by Judge Reed on July 9, 2003, despite purporting to be issued under the Office of Tax Appeals, is as a matter of law an administrative decision issued pursuant to *W. Va.Code* § 11–10–9(a). To hold otherwise would be to elevate form over substance which this Court is not inclined to do.

(E) Administrative decisions issued pursuant to *W. Va.Code* § 11–10–9(a) by the Tax Commissioner or an Administrative Law Judge designated by [him] may not be appealed by the Tax Commissioner to the Circuit Courts of this State. *W. Va. Code* § 11–10–10. Only taxpayers are entitled to appeal such administrative decisions.

(F) The Final Decision issued by Judge Reed on July 9, 2003, can not properly be appealed by the Tax Commissioner to this Court and, as such, is final, conclusive and

---

**2.** The Import–Export Clause directs

No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing its inspection Laws: and the net Produce of all Duties and Imposts, laid by any State on Imports or Exports, shall be for the Use of the Treasury of the United States; and all such Laws shall be subject to the Revision and Controul of the Congress.

U.S. Const. art. I, § 10, cl. 2.

not subject to either administrative or judicial review.

From this adverse ruling of the circuit court, the Tax Commissioner appeals to this Court.

## II.

## STANDARD OF REVIEW

■ The sole issue presented for our consideration by this appeal concerns whether an administrative decision was rendered by the Tax Commissioner's Office of Hearings and Appeals or by the successor thereto, the Office of Tax Appeals. To resolve this issue, we must review and consider the governing statutory law. We previously have held that a lower court's interpretation of a statute is, as a question of law, subject to *de novo* review. "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995). *Accord* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). Mindful of this standard, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

On appeal to this Court, the Tax Commissioner complains that the circuit court erroneously determined that the administrative decision rendered below in favor of Concept Mining was issued by the Tax Commissioner's Office of Hearings and Appeals despite the fact that the decision was issued by an Office of Tax Appeals administrative law judge on that tribunal's letterhead.[3] As a result, the Commissioner argues that he should be permitted to appeal, on the merits, from the final decision rendered by the Office of Tax Appeals in accordance with W. Va. Code § 11–10A–19(a) (2002) (Repl.Vol.2003), which permits "[e]ither the taxpayer or the commissioner, or both, may appeal the final decision or order of the office of tax appeals[.]"

By contrast, Concept Mining asserts that the circuit court committed no reversible error in holding that the administrative decision was issued by the Commissioner in accordance with the mandates of the transition statute, W. Va.Code § 11–10–9(c). In this regard, Concept Mining argues that the Tax Commissioner may not appeal the July 9, 2003, administrative decision because it was not officially rendered by the Office of Tax Appeals. Despite the appearance of the July 9, 2003, ruling on the official letterhead of the Office of Tax Appeals, Concept Mining contends that that decision was required to be rendered by the Tax Commissioner in accordance with the plain language of W. Va.Code § 11–10–9(c). As such, only a taxpayer may appeal a final decision rendered by the Tax Commissioner. *Citing* W. Va.Code § 11–10–10(a)(1).

At issue in this proceeding is the construction and application of W. Va.Code § 11–10–9 (2002) (Repl.Vol.2003) to the Taxpayers' petitions for refunds of taxes paid that were pending at the time the Legislature dissolved the Office of Hearings and Appeals and created the Office of Tax Appeals. In relevant part, W. Va.Code § 11–10–9 directs that

> (b) All petitions which are on the tax commissioner's docket on the thirty-first day of December, two thousand two, for which no administrative hearing has been held, shall be transferred by the tax commissioner to the office of tax appeals no later than the thirty-first day of January, two thousand three; and thereafter, the petition shall, for all purposes except timeliness of filing, be treated as if it had been filed with the office of tax appeals.

> (c) All petitions which are on the tax commissioner's docket on the thirty-first day of December, two thousand two, for which an administrative hearing has been held prior to that date, shall remain on the tax commissioner's docket and the tax commissioner shall issue an administrative

---

**3.** We note, at the outset, that this decision is limited to the procedural issue before the Court and, as a result, we do not make any decision on the merits of this case as to the constitutionality

of coal severance taxes vis-a-vis the Import–Export Clause of the United States Constitution. *See supra* note 2 and accompanying text.

decision no later than the thirty-first day of March, two thousand three.

Before we may consider whether the circuit court correctly interpreted this language, however, we must first ascertain the meaning of this statute.

 On prior occasions when we have determined matters involving statutory language, we have initially looked to the legislative intent underlying the enactment: "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975). "Once the legislative intent underlying a particular statute has been ascertained, we proceed to consider the precise language thereof." *State ex rel. McGraw v. Combs Servs.,* 206 W.Va. 512, 518, 526 S.E.2d 34, 40 (1999). When the statutory language under consideration is plain, we apply, rather than construe, the enactment. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951). *Accord DeVane v. Kennedy,* 205 W.Va. 519, 529, 519 S.E.2d 622, 632 (1999) ("Where the language of a statutory provision is plain, its terms should be applied as written and not construed." (citations omitted)).

 Applying these tenets to the case *sub judice,* we first find that, in enacting W. Va.Code § 11–10–9, the Legislature intended to effectuate an orderly transition from the former Office of Hearings and Appeals to the newly-created Office of Tax Appeals. To accomplish this end, the Legislature clearly delineated by whom cases pending at the time of this transition are to be decided. Pursuant to the plain language of W. Va. Code § 11–10–9(b), all cases in which no administrative hearing has been held by December 31, 2002, "*shall* be transferred by the tax commissioner to the office of tax appeals." (Emphasis added). By contrast, all cases in which an administrative hearing has been held by December 31, 2002, "*shall* remain on the tax commissioner's docket and the tax commissioner *shall* issue an administrative decision no later than" March 31, 2003. W. Va.Code § 11–10–9(c) (emphasis added).

 We previously have found that the word "shall" is to be afforded a mandatory connotation. "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. pt. 1, *Nelson v. West Virginia Pub. Employees Ins. Bd.,* 171 W.Va. 445, 300 S.E.2d 86 (1982). *Accord State v. Allen,* 208 W.Va. 144, 153, 539 S.E.2d 87, 96 (1999) ("Generally, 'shall' commands a mandatory connotation and denotes that the described behavior is directory, rather than discretionary." (citations omitted)). Thus, the requirements of the aforementioned statutes are obligatory and not optional. In short, if a hearing has been held by December 31, 2002, the Commissioner is required to rule on the matter, W. Va.Code § 11–10–9(c), and if no hearing has been held by December 31, 2002, the Commissioner is required to transfer the case for disposition by the Office of Tax Appeals, W. Va.Code § 11–10–9(b).

 Under the facts presently before us, an administrative hearing was held in this matter on October 30, 2002. The Commissioner argues, however, that the October 30, 2002, hearing held herein does not satisfy the "administrative hearing" requirement referenced in W. Va.Code §§ 11–10–9(b–c) because, according to the Commissioner, this language contemplates that the administrative hearing includes the culmination of the parties' briefing schedule, which date would, essentially, be the determinative date as to whether a hearing had been held by December 31, 2002. We reject the Commissioner's argument because we simply can find no support for this contention. Rather, the pertinent statutory language plainly references "*an* administrative hearing" without qualification. W. Va.Code §§ 11–10–9(b–c) (emphasis added). "Typically, ... 'an' is construed as making general, rather than specific, references to its words of modification." *Maupin v. Sidiropolis,* 215 W.Va. 492, 497, 600 S.E.2d 204, 209 (2004) (per curiam) (citations omitted). In other words, "[t]he indefinite article ['an'] may some times mean one, where only one is intended, or it may mean one of a number, depending upon

the context." *Deutsch v. Mortgage Secs. Co.*, 96 W.Va. 676, 681, 123 S.E. 793, 795 (1924) (citation omitted). Absent a contrary indication of legislative intent, it may be presumed that so long as *any* hearing of an administrative nature was held in a particular case by December 31, 2002, such case would then be governed by the procedures set forth in W. Va.Code § 11–10–9(c). Thus, given that such a hearing was held on October 30, 2002, well before the December 31, 2002, transitional date, it is clear that *"an* administrative hearing has been held" in the underlying case so as to render W. Va.Code § 11–10–9(c) dispositive of this matter. (Emphasis added).

Pursuant to the plain language of W. Va. Code § 11–10–9(c), "the tax commissioner shall issue an administrative decision no later than the thirty-first day of March, two thousand three." Thus, in the proceedings underlying the instant appeal, the Commissioner was required both to render a decision on the Taxpayers' refund requests and to render his ruling by March 31, 2003. Technically, neither of these requirements was satisfied insofar as the decision was ostensibly issued by the Office of Tax Appeals on July 9, 2003. Nevertheless, we agree with the circuit court that the administrative order at issue herein should be deemed to be one rendered by the Commissioner because the Commissioner failed to comply with the plain statutory directives he was charged to execute and should not now be rewarded for his dilatoriness with the opportunity to appeal the adverse ruling on the merits. Although the Commissioner complains that the upholding of the July 9, 2003, decision, which found the severance taxes assessed to the Taxpayers to be unconstitutional under the Import–Export Clause, U.S. Const. art. I, § 10, cl. 2, sets bad precedent because it is contrary to his decision of other, similar cases, we are not persuaded by his arguments. Simply stated, if the Commissioner wanted to ensure that all cases involving that issue would be decided consistently, then, to the extent that he was required to rule upon such cases pursuant to W. Va.Code § 11–10–9(c), his failure to do so should not now inure to his benefit to give him an opportunity to attempt to correct what he perceives to be an incorrect decision by the Office of Tax Appeals.

Therefore, insofar as an administrative decision was rendered on July 9, 2003, it will be presumed to be one issued by the Commissioner in accordance with the clear mandates of W. Va.Code § 11–10–9(c). Accordingly, the circuit court's decision so finding is affirmed.

## IV.

## CONCLUSION

For the foregoing reasons, the January 21, 2004, order of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.