613 S.E.2d 601

**SOLUTION ONE MORTGAGE, LLC,**
**Plaintiff Below, Appellant**

v.

**Virgil T. HELTON, Acting State Tax**
**Commissioner of West Virginia**
**Defendant Below, Appellee.**

No. 32049.

Supreme Court of Appeals of
West Virginia.

Submitted March 23, 2005.

Decided May 11, 2005.

C. Page Hamrick, III, Charleston, for the Plaintiff.

Darrell V. McGraw, Jr., Attorney General, A.M. "Fenway" Pollack, Assistant Attorney General, Charleston, for the Defendant.

PER CURIAM.

Solution One Mortgage, LLC (hereinafter referred to as "Appellant") appeals from the March 3, 2004, final order of the Circuit Court of Kanawha County by which Appellant's appeal from a final decision of the West Virginia Office of Tax Appeals regarding a sales and use tax assessment was dismissed for failure to file the appeal bond required pursuant to West Virginia Code § 11–10A–19 (e) (2000) (Repl.Vol.2003). Appellant contends that the lower court erred as a matter of law by dismissing the administrative appeal against the appellee, Commissioner of the West Virginia Department of Tax and Revenue (hereinafter referred to as "Tax Commissioner"), on procedural grounds and thereby refusing to hear the appeal on the merits. After careful examination of the issues raised in conjunction with the applicable law, we affirm the decision of the court below.

**I. Factual and Procedural Background**

On December 18, 2002, the Tax Commissioner issued an assessment of sales and use taxes against Appellant, related to mortgage broker services.[1] Appellant challenged the assessments by filing an appeal with the Office of Tax Appeals and a hearing was held on the matter by an administrative law judge (hereinafter referred to as "ALJ"). *See* W.Va.Code §§ 11–10A–9 and –10 (2002) (Repl.Vol.2003). The ALJ rendered a decision on September 25, 2003, ruling that mortgage brokers do not qualify as professional service providers for exemption purposes and

affirming the Tax Commissioner's sales and use tax assessments.

Subsequently, a letter from the Special Projects Unit of the Compliance Division of the Department of Tax and Revenue (hereinafter referred to as "Tax Department") dated October 3, 2003, was sent to Appellant. The letter stated in relevant part:

> [S]ubsequent to the [ALJ] hearing, the West Virginia State Tax Commissioner allowed that mortgage brokers who begin collecting, reporting, and remitting sales taxes on a "going forward basis" beginning July 1, 2003 would not be assessed for any period prior to July 1, 2003.
>
> It is the intention of the West Virginia State Tax Department to allow Solution One Mortgage, LLC to collect, report and remit sales tax on mortgage brokering services on a "going forward basis" beginning July 1, 2003. In exchange for continued compliance with our notice, the Department will not pursue sales tax on mortgage brokering services for any tax period prior to July 1, 2003 . . . ."

The record shows that the Tax Department sent a similar "Amended Notice" to all mortgage brokers. According to the Tax Commissioner, Appellant accepted the offer proposed in the letter and began prospective payment of consumer sales and service taxes in July 2003.

On October 28, 2003, Appellant sought judicial review of the ALJ's decision pursuant to the provisions of West Virginia Code § 11–10A–19. In February 2004, the Tax Commissioner filed a motion to dismiss the appeal based on Appellant's failure to post an appeal bond as required under West Virginia Code § 11–10A–19(e).[2] Appellant countered

---

1. The sales and use tax assessments were for the period of May 21, 1998 through September 30, 2002.

2. West Virginia Code § 11–10A–19(e) reads as follows:

> If the appeal is of an assessment, except a jeopardy assessment for which security in the amount thereof was previously filed with the tax commissioner, then within ninety days after the petition for appeal is filed, or sooner if ordered by the circuit court, the petitioner

shall file with the clerk of the circuit court a cash bond or a corporate surety bond approved by the clerk. The surety must be qualified to do business in this state. These bonds shall be conditioned upon the petitioner performing the orders of the court. The penalty of this bond shall be not less than the total amount of tax or revenue plus additions to tax, penalties and interest for which the taxpayer was found liable in the administrative decision of the office of tax appeals. Notwithstanding the foregoing and in lieu of the bond, the tax

the motion by claiming that an appeal bond is not-required when a question of law is the sole issue on appeal. Characterizing the Commissioner's "going forward basis" amendment to the sales and use tax assessment as a withdrawal of the assessment for the period prior to July 1, 2003, Appellant stressed that the only issue on appeal was the ruling regarding the professional services exemption.

The lower court granted the motion to dismiss, finding in its order of March 3, 2003, that the court did not have jurisdiction of the matter because an appeal bond had not been filed, nor a waiver of the bond sought, within the statutorily prescribed ninety-day period. It is from this order that the present appeal is taken.

## II. Standard of Review

■ The instant case presents a question of law regarding whether the statutory requirements for perfecting an appeal of an administrative agency decision to a circuit court were satisfied. As we have frequently noted, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Likewise, our "[a]ppellate review of a circuit court's order granting a motion to dismiss an appeal . . . is *de novo*." Syl. Pt. 1, in part, *Lipscomb v. Tucker County Com'n*, 197 W.Va. 84, 475 S.E.2d 84 (1996).

## III. Discussion

Appellant contends the lower court improperly dismissed the appeal of the administrative decision because the provisions of West Virginia Code § 11–10A–19(e) only require a bond to be posted when a tax assessment is pending, and there was no tax assessment against Appellant when the appeal was filed. To arrive at this conclusion, Appellant asks us to view the Tax Commission-

commissioner, upon application of the petitioner, may upon a sufficient showing by the taxpayer, certify to the clerk of the circuit court that the assets of the taxpayer are adequate to secure performance of the orders of the court: Provided, That if the tax commis-

er's amended notice regarding treatment of the sales and use tax assessment, issued after the Office of Tax Appeals affirmed the assessment, as a *withdrawal* of the assessment. Our close reading of the letter from the Tax Department to Appellant dated October 3, 2003, and the Amended Notice sent by the Tax Department to mortgage brokers generally, in light of the statutory provisions regarding review of Tax Department determinations, results in a different conclusion.

■ The Legislature created the Office of Tax Appeals as an "independent quasi-judicial agency separate and apart from the tax division [established] to resolve disputes between the tax commissioner and taxpayers in order to maintain public confidence in the state tax system." W.Va.Code § 11–10A–1 (2002) (Repl.Vol.2003). The resolution of the dispute between Appellant and the Tax Commissioner took the form of the September 25, 2003, decision of the Office of Tax Appeals which affirmed two assessments imposed by the Tax Commissioner against Appellant totaling over $ 154,000 for a specified period prior to July 1, 2003. We find no statutory provision giving the Tax Commissioner authority to unilaterally change the decision of the Office of Tax Appeals as Appellant suggests is accomplished by the Tax Department's letter of October 3, 2003. The relevant language of this letter from the Tax Department reads as follows:

It is the intention of the West Virginia State Tax Department to *allow* Solution One Mortgage, LLC to collect, report and remit sales tax on mortgage brokering services on a "going forward basis" beginning July 1, 2003. In *exchange* for *continued compliance* with our notice, the *Department will not pursue* sales tax on mortgage brokering services for *any tax period prior to July 1, 2003.*

(Emphasis added.) Similarly, the Amended Notice to mortgage brokers stated:

sioner refuses to certify that the assets of the taxpayer or other indemnification are adequate to secure performance of the orders of the court, then the taxpayer may apply to the circuit court for the certification. No bond may be required of the tax commissioner.

Mortgage brokers who comply with the requirements of this notice and who also fulfill their sales tax collection and remittance responsibilities on a going-forward basis, will not be assessed for any periods prior to July 1, 2003 for sales tax collection on the activity of mortgage brokering.

\* \* \*

Failure to fulfill these requirements for sales tax compliance will result in the implementation of Tax Department compliance measures.

It is clear from the face of the letter to Appellant and of the amended notice to mortgage brokers generally that the Tax Department unequivocally retained the authority to enforce assessments involving sales and use taxes for periods preceding July 1, 2003, should Appellant or other mortgage brokers not comply with the "going forward basis" agreement. The letter and amended notice simply stated the terms and conditions of repayment and did not serve to extinguish or withdraw the assessed and enforceable debt. Thus when Appellant sought judicial review of the Office of Tax Appeals decision in the court below, the assessment remained part of the appealed order and Appellant was subject to the statutory bond requirement.

■ Appellant also argues that the lower court should not have dismissed the appeal for failure to post a bond because doing so contradicts our decision in *Frantz v. Palmer*, 211 W.Va. 188, 564 S.E.2d 398 (2001). We find Appellant's reliance on *Frantz* misplaced. In *Frantz* we held that if a taxpayer follows the statutory alternative to posting an appeal bond by requesting that the Tax Commissioner waive the bond upon a showing of sufficient assets, then the aggrieved party can appeal an adverse waiver decision to the circuit courts. Our precise holding in this regard is set forth in syllabus point five of *Frantz* as follows:

A taxpayer who chooses to proceed under the statutory alternative for an appeal bond under West Virginia Code § 11–10–10(d) (1986) (Repl.Vol.1999), and who otherwise complies with the statutory requirements for requesting a waiver of the appeal bond requirement, is entitled to apply to the circuit court for a review of any adverse determination concerning bond waiver.

Since Appellant did not proceed under the statutory alternative of seeking a waiver, *Frantz* provides no guidance or resolution to the matter before us.

■ Absent pursuit of possible statutory alternatives, the filing of a statutory bond is mandatory and the failure to do so is grounds for dismissal. *See, e.g. Frantz v. Palmer*, 211 W.Va. at 194, 564 S.E.2d at 404 (2001) ("[T]his Court has generally viewed compliance with statutorily-imposed deadlines for the posting of bonds to prosecute an action or perfect an appeal as jurisdictional in nature."); *Stevens v. Saunders*, 159 W.Va. 179, 183, 220 S.E.2d 887, 890 (1975) ("[S]tatutes which require the giving of bond as a prerequisite to the prosecution of an appeal are strictly construed and their requirements are mandatory and jurisdictional. An untimely filing of such a bond dictates the dismissal of a case.") (citations omitted).

## IV. Conclusion

Finding that an appeal bond was required to perfect an appeal under the circumstances of this case, we affirm the March 3, 2004, order of the Circuit Court of Kanawha County directing dismissal of the administrative appeal.

Affirmed.