# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**RMLL Enterprises, Inc.**
**d/b/a/ Jill's Lounge,**
**Petitioner Below, Petitioner**

**FILED**

October 17, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-1275** (Ohio County 13-CAP-10)

**Mark W. Matkovich, Tax Commissioner,**
**West Virginia State Tax Department,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner RMLL Enterprises, Inc. d/b/a Jill's Lounge ("RMLL"), by counsel Paul J. Harris, appeals the circuit court's order dismissing the underlying case due to petitioner's failure to file a mandatory appeal bond. Respondent Mark W. Matkovich, by counsel L. Wayne Williams, filed a response to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed an appeal involving three notices of assessment for West Virginia sales tax, use tax, and combined sales and use tax. The Office of Tax Appeals found petitioner liable for a total assessed liability of $234,878.44. On May 17, 2013, petitioner filed a petition for appeal from a decision of the West Virginia Office of Tax Appeals to the Circuit Court of Ohio County. On August 23, 2013, the Tax Department filed a motion to dismiss for failure to file the mandatory appeal bond. On September 23, 2013, petitioner filed a memorandum of law opposing the motion to dismiss. The circuit court granted respondent's motion by order entered on October 28, 2013. Petitioner appeals from that order.

"'Appellate review of a circuit court's order granting a motion to dismiss an appeal . . . is *de novo*.' Syl. Pt. 1, in part, *Lipscomb v. Tucker County Com'n*, 197 W.Va. 84, 475 S.E.2d 84 (1996)." Syl. Pt. 2, *Solution One Mortg., LLC v. Helton*, 216 W.Va. 740, 613 S.E.2d 601 (2005). Further, "'[w]here the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *Solution One*

1

*Mortg., LLC*, 216 W.Va. at 740, 613 S.E.2d at 601. This appeal is limited to the appeal bond issue.

On appeal, petitioner asserts three assignments of error. Petitioner first argues that the circuit court erred in granting the motion to dismiss based on a procedural defect. This appeal arises from the State Administrative Procedures Act. W.Va. Code §§ 29A-1-1 to 29A-7-4. However, petitioner argues that the case law cited by respondent does not discuss West Virginia Code § 29A-5-4 (Judicial review of contested cases). Therefore, petitioner asserts that the issue of the appeal bond under this code section has not yet been decided in West Virginia. In another assignment, petitioner argues that the circuit court erred in failing to recognize that the statutes, at best, have opposite mandates in terms of posting bond for appeal. These two assignments are substantially similar, so we will address them jointly.

Petitioner argues that because West Virginia Code § 29A-5-4 was not cited in the cases relied upon by respondent in its motion to dismiss, it is fair to assume that the issues have not been brought to the attention of this Court. Petitioner further asserts that the plain language of that statute provides that no appeal bond shall be required, so the underlying case should not have been dismissed. On the other hand, petitioner notes that the statute relied upon by the Tax Commissioner, West Virginia Code § 11-10A-19 (Judicial review of Office of Tax Commissioner), provides for an appeal bond. With regard to the differences between West Virginia Code §§ 29-5-4 and 11-10A-19, petitioner contends that it is inequitable to permit petitioner's meritorious claims to be dismissed on appeal for a procedural issue when the law is contradictory on the issue.

West Virginia Code § 29A-5-4 relates to the judicial review of contested cases under the State Administrative Procedures Act. West Virginia Code § 29A-5-4(b) states that no appeal bond shall be required to effect any appeal under that statute. However, with regard to tax-related appeals, West Virginia Code § 11-10A-19(e) states as follows:

> If the appeal is of an assessment . . . then within ninety days after the petition for appeal is filed, or sooner if ordered by the circuit court, the petitioner shall file with the clerk of the circuit court a cash bond or a corporate surety bond approved by the clerk. The surety must be qualified to do business in this state. These bonds shall be conditioned upon the petitioner performing the orders of the court. The penalty of this bond shall be not less than the total amount of tax or revenue plus additions to tax, penalties and interest for which the taxpayer was found liable in the administrative decision of the Office of Tax Appeals. Notwithstanding the foregoing and in lieu of the bond, the tax commissioner, upon application of the petitioner, may upon a sufficient showing by the taxpayer, certify to the clerk of the circuit court that the assets of the taxpayer are adequate to secure performance of the orders of the court: Provided, That if the Tax Commissioner refuses to certify that the assets of the taxpayer or other indemnification are adequate to secure performance of the orders of the court, then the taxpayer may apply to the circuit court for the certification. No bond may be required of the Tax Commissioner.

Where there is a conflict between statutes, we "resolve such tension in favor of the more recent and specific statute." *State ex rel. Riffle v. Ranson*, 195 W.Va. 121, 125 n.4, 464 S.E.2d 763, 767 n.4 (1995). While West Virginia Code § 29A-5-4 was enacted in 1964 and amended in 1998, West Virginia Code § 11-10A-19 was enacted in 2002. Further, given that West Virginia Code § 11-10A-19 is specific to the appeal of tax assessments, it is both more recent and more specific. In addition, we have previously recognized that the failure to post an appeal bond as required by law is a jurisdictional bar to an appeal. *See Frantz v. Palmer*, 211 W.Va. 188, 194, 564 S.E.2d 398, 404 (2001); Syl., *Gaines v. Hawkins*, 153 W.Va. 471, 170 S.E.2d 676 (1969); Syl. Pt. 1, *Hudgins v. Crowder & Freeman, Inc.*, 156 W.Va. 111, 191 S.E.2d 443 (1972). For these reasons, we find that the circuit court did not err in finding that the payment of a bond was required pursuant to West Virginia Code § 11-10A-19.

Petitioner also asserts that the circuit court erred in failing to permit the appeal to proceed because it did not address the issue of lack of prejudice to respondent. Petitioner contends that there is no prejudice to respondent if petitioner is permitted to post an appeal bond but petitioner would be unduly prejudiced if the appeal to the circuit court is barred. This ignores the fact that petitioner did not request to pay an appeal bond until respondent had moved to dismiss petitioner's appeal. Respondent admits that petitioner is theoretically correct, as it would not be prejudiced if petitioner posted the appeal bond. However, it points to the fact that the circuit court did not have jurisdiction to consider that issue due to petitioner's failure to post the mandatory appeal bond. In *Frantz*, this Court stated that because the appeal was predicated on issues of the lower court's jurisdiction, it would not address the merits of the alleged prejudices the taxpayer asserted. *Id.* at 192 n.9, 564 S.E.2d at 402 n.9. Jurisdiction is the inherent power of a court to decide a case. *See* Syl. Pt. 2, *Vanover v. Stonewall Cas. Co.*, 169 W.Va. 759, 289 S.E.2d 505 (1982). Due to the fact that the circuit court lacked jurisdiction to hear the appeal without petitioner filing an appeal bond, we find that the circuit court did not err in failing to consider whether petitioner would suffer prejudice as a result of the dismissal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II