# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wesley Cate,**
**Petitioner Below, Petitioner**

**FILED**

**June 16, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0599** (Kanawha County 16-AA-8)

**Dale W. Steager,**
**State Tax Commissioner,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wesley Cate, by counsel John H. Henderson, appeals the May 18, 2016, order of the Circuit Court of Kanawha County that affirmed the dismissal of his appeal from a petition for reassessment against Respondent Dale W. Steager, West Virginia Tax Commissioner.[1] Respondent, by counsel Cassandra L. Means, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in affirming the motion to dismiss his petition for reassessment because it did not have personal jurisdiction over him.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we find that the circuit court erred with respect to its denial of petitioner's motion to alter or amend judgment. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, petitioner was issued an audit notice of assessment for personal income tax in the amount of $3,522. In September of 2015, petitioner filed a petition for reassessment with the West Virginia Office of Tax Assessment ("OTA"). Petitioner admitted in his petition that his filing "was beyond the 60-day deadline" in which a taxpayer is permitted to file for reassessment pursuant to West Virginia Code § 11-10-8(a).[2]

---

[1]On January 16, 2017, Dale W. Steager was confirmed as the State Tax Commissioner of West Virginia, replacing the former Tax Commissioner, Mark W. Matkovich. Accordingly, Mr. Steager has been substituted as the named Tax Commissioner in the instant appeal. *See* W.Va.R.App. P. 41(c) (providing for substitution of public officers as parties to appeals pending in Supreme Court of Appeals of West Virginia).

[2]West Virginia Code § 11-10-8(a) (1)provides that

[t]he tax commissioner shall give the taxpayer written notice of any assessment or

(continued . . . )

1

Also in September of 2015, the West Virginia Tax Department ("Tax Department") filed a motion to dismiss petitioner's petition with the OTA based upon petitioner's failure to timely file his petition. According to the record, petitioner did not respond or object to the Tax Department's motion to dismiss, nor did he introduce or seek to introduce any additional evidence. In November of 2015, an OTA Administrative Law Judge ("ALJ") issued an order of dismissal based upon petitioner's untimely filing of his petition.[3]

In January of 2016, petitioner filed a petition for appeal in the Circuit Court of Kanawha County. The circuit court affirmed the ALJ's decision by order entered on May 18, 2016. It is from this order that petitioner now appeals.

Petitioner appeals the circuit court's order affirming the decision of the OTA. The standard of review applicable to such a proceeding is as follows:

> In an administrative appeal from the decision of the West Virginia Office of Tax Appeals, this Court will review the final order of the circuit court pursuant to the standards of review in the State Administrative Procedures Act set forth in [West Virginia] Code § 29A-5-4(g) [1998]. Findings of fact of the administrative law judge will not be set aside or vacated unless clearly wrong, and, although administrative interpretation of State tax provisions will be afforded sound consideration, this Court will review questions of law *de novo*.

Syl. pt. 1, *Griffith v. ConAgra Brands, Inc.*, 229 W.Va. 190, 728 S.E.2d 74 (2012). Moreover, we previously have held that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State*

---

amended or supplemental assessment made pursuant to this article. The assessment or amended or supplemental assessment, as the case may be, shall become final and conclusive of the liability of the taxpayer and not subject to either administrative or judicial review under the provisions of sections nine or nine-a, and ten of this article, or under the provisions of sections ten or eleven, and nineteen of article ten-a of this chapter, unless the taxpayer to whom a notice of assessment or amended or supplemental assessment, is given, shall within sixty days after service thereof either: Personally or by certified mail, files with the tax commissioner a petition in writing, verified under oath by the taxpayer or his or her duly authorized agent, having knowledge of the facts, setting forth with particularity the items of the assessment objected to, together with the reasons for the objections: Provided, That for all assessments received after the thirty-first day of December, two thousand two, the taxpayer shall file the petition with the office of tax appeals in accordance with the provisions of section nine, article ten-a of this chapter.

[3]The West Virginia Code of State Rules provides that "[i]n all cases, the jurisdiction of the office of tax appeal depends on the timely filing of a petition." W.Va. Code R. § 121-1-4.2.

*Tax Dep't of W.Va.*, 195 W.Va. 573, 466 S.E.2d 424 (1995). *Accord* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). Additionally, West Virginia Code § 29A-5-4(g) provides that

> [t]he court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are: (1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

In keeping with these standards, we proceed to consider the parties' arguments.

Petitioner's sole argument on appeal is that the circuit court erred in affirming the motion to dismiss his petition for reassessment because it did not have personal jurisdiction over him. We disagree. It is well settled law that an appeal from a dismissal is not reviewed on the merits, but rather, a determination is made as to whether the pleadings below are sufficient to withstand the motion to dismiss. We have held that

> [t]o allow the circuit court to determine an issue on evidence not considered at the administrative hearing would cast the court in the role of performing an executive function. Under the acknowledged principle of separation of powers this cannot be permitted. Thus, the circuit court must decide the case on the evidence in the record as it was received.

*Va. Elec. and Power Co. v. Haden*, 157 W.Va. 298, 305, 200 S.E.2d 848, 853 (1973). Thus, the matter before this Court is limited to the review of the dismissal order, which narrowly addressed the issue of the timeliness of petitioner's petition for reassessment. West Virginia Code § 11-10A-9(b) provides that

> [e]xcept where a different time for filing a petition is specified elsewhere in this code, a petition filed pursuant to subsection (a) of this section is timely filed if postmarked or hand delivered to the Office of Tax Appeals within sixty days of the date a person received written notice of an assessment . . . of the Tax Commissioner.

It is clear from the record on appeal that petitioner's assessment was delivered on June 8, 2015. As such, the statutory deadline for petitioner to timely file his petition for reassessment with the OTA was approximately August 7, 2015. Petitioner filed his petition for reassessment on September 2, 2015, which was clearly outside the statutorily prescribed timeframe. Further, petitioner admitted in his petition for reassessment that he missed the applicable statutory

deadline for filing his petition. Thus, the circuit court properly affirmed the OTA's dismissal of petitioner's petition for reassessment.

In addition to the clear statutory law supporting the dismissal of petitioner's petition for reassessment, this Court has specifically addressed statutory appeal deadlines in tax cases. We have long held that "filing requirements established by statute, like the ones involved in the instant case are not readily susceptible to equitable modification or tempering." *Helton v. Reed*, 219 W.Va. 557, 561, 638 S.E.2d 160, 164 (2006); *See, Webb v. U.S.,* 66 F.3d 691 (4th Cir.1995) (stating that there is no equitable tolling of tax filing deadlines); *See also Elk Run Coal Company v. Babbitt,* 930 F.Supp. 239 (S.D.W.Va.1996) (holding that government could not appeal due to missed deadline); *Concept Mining, Inc. v. Helton,* 217 W.Va. 298, 617 S.E.2d 845 (2005) (stating that the Tax Commissioner's intent was irrelevant and procedural error prohibited consideration of Commissioner's appeal); *State ex rel. Clark v. Blue Cross Blue Shield of W.Va., Inc.,* 195 W.Va. 537, 466 S.E.2d 388 (1995) *Bradley v. Williams,* 195 W.Va. 180, 465 S.E.2d 180 (1995) (concluding that taxpayer's failure to abide by the express procedures established for challenging a decision of the West Virginia State Tax Commissioner precludes the taxpayer's claim for refund or credit); (addressing strict deadlines in insurance insolvency cases); *Solution One Mortg., LLC v. Helton,* 216 W.Va. 740, 613 S.E.2d 601 (2005) (stating that tax statutes which require the giving of bond as a prerequisite to the prosecution of an appeal are strictly construed and their requirements are mandatory and jurisdictional).We have also held that West Virginia Code § 11-10A-9(b) "unambiguously provides that petitions must be filed within sixty days of receipt of the assessment." *Panhandle Used Equip., LLC v. Matkovitch*, No. 15-0230, 2016 WL 1417785 (W.Va. Apr. 8, 2016)(memorandum decision).

Inasmuch as petitioner is arguing that he objected to the Tax Department's personal jurisdiction over him from the outset of his petition, we also disagree. It is clear from the record on appeal that petitioner only generally mentioned personal jurisdiction in his time-barred petition for reassessment. Further, pursuant to Rule 12(b)(2) of the West Virginia Rules of Civil Procedure, a litigant must file a motion challenging personal jurisdiction from the outset of the case. "Whenever it is determined that a court has no jurisdiction to entertain subject matter of a civil action, the forum court must take no further action in case other than to dismiss it from docket." *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975). It is clear from the record on appeal that petitioner filed no such motion. Therefore, filing a responsive pleading without also moving to dismiss for lack of personal jurisdiction constitutes a waiver of that defense. W.Va. R. of Civ. P. 12(h).

Upon our review, based on the facts and circumstances of this case, we find that the circuit court did not err in affirming the OTA's order dismissing petitioner's petition for reassessment. Accordingly, we affirm the circuit court's order entered on May 18, 2016.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker