IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WILLIAM J. THORNTON,**
**Petitioner Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 22-ICA-96**     (Cir. Ct. of Kanawha Cnty. No. 22-A-22)

**MERCER COUNTY BOARD OF EDUCATION,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner William J. Thornton appeals the July 6, 2022, order from the Circuit Court of Kanawha County that dismissed his administrative appeal of a decision of the West Virginia Public Employees Grievance Board ("Grievance Board") as untimely filed. Respondent Mercer County Board of Education ("Mercer BOE") timely filed its response and Mr. Thornton timely filed his reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision to dismiss the appeal but no substantial question of law. As explained below, we find that the circuit court erred by dismissing Mr. Thornton's appeal as untimely pursuant to West Virginia Code § 6C-2-5(c) (2007).[2] Accordingly, a memorandum decision reversing and remanding the circuit court's decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

The sole issue on appeal is whether Mr. Thornton's appeal of the Grievance Board's decision was timely filed pursuant to West Virginia Code § 6C-2-5(c). Therefore, our recitation of the facts and procedural history of this case are brief. Mr. Thornton was previously employed by Mercer BOE as a custodian. The record reflects that during his employment, Mr. Thornton was the subject of several disciplinary actions stemming from his workplace conduct. At issue here, is a written reprimand for insubordination issued on March 18, 2021. Mr. Thornton's level one grievance appeal was denied. Thereafter, Mr. Thornton sought a level three hearing before the Grievance Board. Following a hearing on January 27, 2022, the Grievance Board issued its order on April 20, 2022, denying Mr.

---

[1] Mr. Thornton is self-represented. Mercer BOE is represented by Kermit J. Moore, Esq. and Patrick D. McCune, Esq.

[2] West Virginia Code § 6C-2-5(c) requires that any appeal from the Grievance Board must be filed within thirty days of receipt of the Grievance Board's decision.

Thornton's grievance, finding, inter alia, that his conduct warranted his suspension and subsequent termination of employment.

On May 24, 2022, Mr. Thornton filed his appeal in the Circuit Court of Kanawha County pursuant to the governing provisions of West Virginia Code § 6C-2-5 (2007). On July 6, 2022, the circuit court entered its order dismissing Mr. Thornton's appeal on the basis that it was not timely filed within thirty days as required by West Virginia Code § 6C-2-5(c). This appeal followed.

In this appeal, we are guided by the following standard of review:

> The instant case presents a question of law regarding whether the statutory requirements for perfecting an appeal of an administrative agency decision to a circuit court were satisfied. As we have frequently noted, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

*Solution One Mrtg., LLC v. Helton*, 216 W. Va. 740, 742, 613 S.E.2d 601, 603 (2005).

From the outset, we note that Mr. Thornton's appeal sets forth several additional assignments of error related to Grievance Board's ruling. However, as previously indicated, our appellate review is limited solely to the timeliness of his appeal, which was the sole basis for the circuit court's dismissal.

West Virginia Code § 6C-2-5 governs appeals from decisions of the Grievance Board and it provides:

> (a) The decision of the administrative law judge is final upon the parties and is enforceable in the circuit court of Kanawha County.
> (b) A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
> (2) Exceeds the administrative law judge's statutory authority;
> (3) Is the result of fraud or deceit;
> (4) Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
> (c) A party shall file the appeal in the circuit court of Kanawha County within thirty days of receipt of the administrative law judge's decision. The decision

2

of the administrative law judge is not automatically stayed upon the filing of an appeal, but a stay may be granted by the circuit court upon a separate motion for a stay.

(d) The court shall review the entire record that was before the administrative law judge, and the court may hear oral arguments and require written briefs. The court may reverse, vacate or modify the decision of the administrative law judge, or may remand the grievance to the administrative law judge or the chief administrator for further proceedings.

In its order, the circuit court relied upon the thirty-day language under subsection (c) to dismiss Mr. Thornton's appeal. However, we find that the circuit court failed to consider the definition of "days" that is specific to the grievance process as provided by West Virginia Code § 6C-2-2(c) (2008):

"Days" means working days exclusive of Saturday, Sunday, official holidays and any day in which the employee's workplace is legally closed under the authority of the chief administrator due to weather or other cause provided for by statute, rule, policy or practice.

Furthermore, the Supreme Court of Appeals has squarely addressed this issue. In Syllabus Point 1 of *West Virginia Department of Health and Human Resources v. Hess*, 189 W. Va. 357, 432 S.E.2d 27 (1993), the Court held that,

W. Va. Code § 29-6A-7,[3] which allows an appeal to the circuit court within thirty days of receipt of the hearing examiner's decision, must be read *in pari materia* with W. Va. Code § 29-6A-2(c), which defines "days" as "working days exclusive of Saturday, Sunday or official holidays."

The *Hess* holding was recently reiterated by the Supreme Court in *Deyerle v. West Virginia Department of Health and Human Resources*, No. 17-0633, 2019 WL 856254 at * 2 (W. Va. Feb. 22, 2019) (memorandum decision).

In syllabus point one of *West Virginia Department of Health and Human Resources v. Hess*, 189 W. Va. 357, 432 S.E.2d 27 (1993), we held that "[West Virginia Code § 6C-2-5(c)], which allows an appeal to the circuit court within thirty days of receipt of the [ALJ]'s decision, must be read *in pari materia* with [West Virginia Code § 6C-2-5(c)], which defines 'days' as 'working days exclusive of Saturday, Sunday or official holidays.'"

---

[3] West Virginia Code § 29-6A-7 has been repealed and recodified under Article 2, Chapter 6C of our code.

The record does not reflect when Mr. Thornton received a copy of the Grievance Board's decision. However, when considering the date of the Grievance Board's decision (April 20, 2022) and the date Mr. Thornton filed his appeal (May 24, 2022), only twenty-four working days had elapsed, at best. As such, we find that Mr. Thornton's appeal was not time barred and the circuit court erred as a matter of law in dismissing the appeal as untimely.

Accordingly, we reverse the July 6, 2022, order and remand this matter to the Circuit Court of Kanawha County for a decision on the merits of Mr. Thornton's appeal.[4]

Reversed and Remanded.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[4] Pursuant to West Virginia Code § 51-11-4(b)(4) (2022), circuit courts retain jurisdiction over appeals from administrative agency orders entered on or before June 30, 2022.